## Scott v. Scott

*John J. McGrath* and *Julia M. Doyle*, for plaintiff.
*Louis Little*, for defendant.

O'BRIEN, J., January 3, 1957.—This matter is before the court en banc on defendant's motions for judgment non obstante veredicto and for a new trial.

The facts are that plaintiff and defendant entered into a partnership agreement, in 1950, for the purpose of purchasing and conducting a bar and restaurant business known as "Atwood Gardens" in the City of Pittsburgh. The total monetary investment of the partnership was $25,000, plaintiff and defendant each supplying one half thereof or $12,500. It is not dis-

puted that the money invested by plaintiff was afforded her by one Paul Perriau.

Within a very short period, it was perceived that the partnership could not continue, and it was agreed that it should be dissolved, and defendant and her husband decided to carry on the business. Attorney A. J. Weilersbacher, who had provided certain legal services for the partnership, was consulted pursuant to the desire of the parties to dissolve the partnership, and he entered upon negotiations with the partners to arrange the dissolution. During this negotiating interval, Mr. Perriau presented himself at the office of Attorney Weilersbacher and entered his claim for return of the $12,500 afforded to plaintiff, representing that it constituted a loan to her.

Ultimately the negotiations were concluded, and on March 27, 1950, plaintiff executed an instrument entitled "Dissolution Of And Sale Of Partnership Interest", whereby it was agreed that: The partnership was hereby dissolved; plaintiff granted, bargained and sold all her right, title and interest in and to the said partnership, etc., to defendant; plaintiff would execute any instruments necessary to effect this purpose; and defendant would assume and pay all liabilities of the partnership. This instrument was under seal, and contained the following provisions:

"Now, therefore, for and in consideration of one ($1.00) dollar and other good and valuable consideration, the receipt of which is hereby acknowledged by Geraldine R. Scott, and with the intent to be legally bound under the laws of the State of Pennsylvania, it is agreed as follows:"

Upon the execution of the said instrument, plaintiff was paid $1,200 in connection therewith, and $40 as wages.

It is the contention of plaintiff that she was to receive $12,500 instead of the $1,200 which she did

receive, and that the $12,500 afforded her by Paul Perriau, was a gift and not a loan. At no time during the trial was any objection raised to plaintiff's testimony concerning the consideration for the dissolution and sales agreement.

On the other hand, defendant contends that the $1,200, which was paid to plaintiff upon her execution of the said instrument, was in full settlement of her claim, and Mrs. Reffner, defendant's mother, testified that she paid Paul Perriau $10,000, on behalf of defendant, in full settlement of his claim. Mr. Perriau corroborated this testimony.

The jury returned a verdict in favor of plaintiff, in the amount of $11,300.

In considering defendant's motion for judgment non obstante veredicto, it must be borne in mind that plaintiff is entitled to have the evidence, pertaining to the issues involved, construed in the light most favorable to her, and she is also entitled to any inference in her favor which, from the evidence, is a legitimate deduction: Harris v. Ruggles Lumber Company, 376 Pa. 252; Tua v. Brentwood Motor Coach Company, 371 Pa. 570; Adams v. Gardiner, 306 Pa. 576.

Viewed in this way, the evidence adduced could warrant a finding that the true situation was, as represented by plaintiff. Therefore, defendant's motion for judgment non obstante veredicto must be refused.

In support of the motion for a new trial, defendant has raised, as a point of error, that the trial judge did not instruct the jury on the law of contracts as related to the aforementioned instrument entitled "Dissolution Of And Sale Of Partnership Interest", and more particularly, as regards the effect of the seal thereon.

An examination of the trial judge's charge, indi-

cates that this point is well taken, for the charge does not contain a complete instruction on that matter of law. Counsel did not call the attention of the court to that omission, nor did he take a specific exception thereto. However, it is considered that matter of this basic nature is so essential to the jury's determination, that its omission constituted fundamental error.

Therefore, in the interest of justice, it is necessary that a new trial be granted.

### Order

And now, to wit, January 3, 1957, after argument, submission of briefs, and consideration thereof, it is ordered that the motion, ex parte defendant, for judgment non obstante veredicto be and hereby is refused, and it is further ordered that the motion, ex parte defendant, for a new trial be and hereby is granted.

Eo die, an exception is granted to defendant on the refusal of the motion for judgment non obstante veredicto and bill sealed.

Eo die, an exception is granted to plaintiff on the granting of the motion for a new trial and bill sealed.