## Harris, Appellant, *v.* Ruggles Lumber Company, Appellant.

Argued November 12, 1953.  Before STERN, C. J., STEARNE, JONES, BELL, CHIDSEY, MUSMANNO and ARNOLD, JJ.

*Arthur H. James,* with him *Arthur Silverblatt,* for plaintiff.

*James P. Harris, Jr.,* with him *James P. Harris,* for defendant.

OPINION BY MR. JUSTICE ARNOLD, January 11, 1954:

In this action of trespass for damages arising out of a collision between defendant's truck and the automobile owned and driven by plaintiff, the jury returned a verdict for plaintiff. These are appeals by both plaintiff and defendant, the former from an award of new trial, and the latter from refusal of judgment n.o.v.

In granting a new trial the court assigned as its reason that "the verdict is against the weight of the evidence . . . and interests of justice require a new trial." It refused judgment n.o.v. because the conflict of testimony as to negligence and contributory negligence was such that the questions were solely for the jury to determine.

According to plaintiff, he was travelling westerly in the northern-most lane of a 4-lane, 40-foot highway in the borough of Luzerne, at about 4:30 in the afternoon. At the point of collision the roadway was wet, and the speed limit was 25 miles per hour. After stopping in the far lane, he turned southerly, in a diagonal manner, to enter the premises of a glass company. Upon reaching the third lane he stopped to permit traffic to clear, looked both ways, saw nothing approaching, and proceeded to cross. He stated that he had an unobstructed view of 800 feet. As his front wheels were at the curb on the southern side of the highway, he was struck on his right by defendant's truck, which was travelling easterly on the highway. The impact moved his car easterly about 20 feet and damaged it to such an extent that it was good only

for salvage. Plaintiff was thrown another 15 feet beyond his car. He was unable to give any further details, either as to defendant's speed, position, or actions. (He did offer opinion evidence that the truck weighed 12 to 15 tons).

Defendant offered the testimony of its driver and six disinterested witnesses that plaintiff drove from a private driveway on the northerly side, suddenly and without warning, directly into the path of defendant's truck. (It also gave testimony that the truck weighed less than six tons).

As will be noted from the abbreviated statement of the testimony, plaintiff's case depends on circumstantial evidence of negligence of defendant. If believed by the jury, however, it is sufficient to found a verdict thereon: *Neff v. Firth,* 354 Pa. 308, 47 A. 2d 193. Thus it cannot be said as a matter of law that the verdict should have been for defendant. "The settled rule is that on appeal from refusal of judgment n.o.v. the plaintiff must be given the benefit of every fact and inference of fact pertaining to issues involved which may reasonably be deduced from evidence": *Tua v. Brentwood Motor Coach Company,* 371 Pa. 570, 572, 92 A. 2d 209. Applied to this case, the rule requires affirmance of the court's action refusing judgment n.o.v.

An order awarding new trial will not be reversed unless palpable abuse of discretion by the trial judge is disclosed, or unless an erroneous rule of law controlling the outcome is certified by the trial judge as the sole reason for his action: *Foster v. Waybright,* 367 Pa. 615, 80 A. 2d 801. The plaintiff complains that the court here assigned no sufficient reason for its action; that "interests of justice" do not suffice; and that the court was in error. However, the court gave as its reason that "the verdict is against the weight

of the evidence." This is sufficient. Plaintiff's case depended on circumstantial evidence, whereas defendant's driver and six disinterested witnesses testified as to his negligence in crossing in front of defendant's truck without warning. Most of these witnesses were in automobiles travelling on the same highway, who testified to speed and location, as well as to plaintiff's actions. In the light of these circumstances it cannot be said that the court abused its discretion in granting a new trial. *" 'One of the least assailable grounds for the exercise of such power [to grant a new trial] is the trial court's conclusion that the verdict was against the weight of the evidence and that the interests of justice therefore require that a new trial be awarded;* especially in such a case is an appellate court reluctant to interfere.' ": *Bellettiere v. Philadelphia,* 367 Pa. 638, 643, 81 A. 2d 857. (Italics supplied).

Order affirmed.