405 A.2d 930

**COMMONWEALTH of Pennsylvania**

v.

**Theodore SCHELL, Appellant.**

Superior Court of Pennsylvania.

Submitted May 7, 1979.

Decided June 1, 1979.

Leslie B. Potter, Assistant Public Defender, Media, for appellant.

D. Michael Emuryan, Assistant District Attorney, and with him, Ralph B. D'Iorio, Assistant District Attorney, Media, for Commonwealth, appellee.

Before CERCONE, President Judge, and ROBERTS and LIPEZ, JJ.*

PER CURIAM:

Appellant was convicted, after a jury trial, of two counts each of murder in the first degree, aggravated assault, recklessly endangering another person, and one count of possession of instruments of crime-generally. The case arose out of the shooting and subsequent deaths of the parents of appellant's former wife. He received concurrent life sentences on the murder convictions, and suspended sentences on the others. Appellant's post-trial motions raised only the issue of sufficiency of the evidence, which issue was not raised or argued on this appeal.

Appellant has attempted to raise fifteen assignments of error on this appeal. He has failed to preserve them for appellate review, however, because they were not specifically stated in post-trial motions. *Commonwealth v. Blair,* 460 Pa. 31, 331 A.2d 213 (1975); *see* Pa.R.Crim.P. 1123(a). The fact that the court below treated the issues on their merits because appellant included them in his brief supporting the post-trial motions makes no difference. *See Commonwealth*

---

\* Justice Samuel J. Roberts of the Supreme Court of Pennsylvania and Judge Abraham H. Lipez of the Court of Common Pleas of Clinton County, Pennsylvania, are sitting by designation.

*v. Hagans,* 483 Pa. 415, 397 A.2d 412 (1979); *Commonwealth v. Waters,* 477 Pa. 430, 384 A.2d 234 (1978).

"Appellant's written post-trial motions were boiler plate challenges to the sufficiency of the evidence. Although counsel apparently made more specific oral motions that were considered by the court, the Pennsylvania Rules of Criminal Procedure, rule 1123(a), 19 P.S. Appendix, requires [sic] written post-trial motions.

"The practice in some judicial districts of ignoring the requirements of Rule 1123(a) is condemned. Henceforth, issues not presented in compliance with the rule will not be considered by our trial and appellate courts." *Commonwealth v. Blair,* supra, 460 Pa. at 33 n. 1, 331 A.2d at 214 n. 1.

Judgment of sentence affirmed.