403 A.2d 575

**COMMONWEALTH of Pennsylvania**

v.

**Joseph HENNESSEY, Appellant.**

Supreme Court of Pennsylvania.

Argued April 27, 1979.

Decided July 11, 1979.

Reargument Denied Sept. 19, 1979.

Bruce K. Doman, Doylestown, for appellant.

Peter F. Schenck, Asst. Dist. Atty., Stephen B. Harris, 1st Asst. Dist. Atty., Doylestown, for appellee.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, MANDERINO and LARSEN, JJ.

## OPINION

PER CURIAM:

The Court being equally divided; the order is affirmed.

Larsen, J., filed an opinion in Support of Affirmance in which ROBERTS and NIX, JJ., join.

EAGEN, C. J., filed a dissenting statement in which O'BRIEN, J., joins.

MANDERINO, J., filed a dissenting statement.

## OPINION IN SUPPORT OF AFFIRMANCE

LARSEN, Justice.

On September 30, 1975, appellant was convicted of murder of the first degree; the prosecution arising out of the shooting death of a Bucks County police officer. Post-verdict motions were denied and appellant was sentenced to

life imprisonment. Appellant now brings this direct appeal from the judgment of sentence contending that:[1]

1. The trial court erred in admitting a transcript of police radio transmissions into evidence because it is hearsay and violates appellant's right to confront the witnesses against him;

2. The trial court erred in admitting certain in-court identifications into evidence because they were tainted by suggestive out-of-court identifications;

3. The trial court erred in admitting the testimony of a police informant into evidence because that testimony was unreliable and the product of police coercion;

4. The trial court erred in admitting the deceased officer's tie and distinctive tie tac into evidence because the Commonwealth failed to establish a proper chain of custody;

5. The Commonwealth breached its duty to disclose evidence favorable to appellant and material to his guilt by failing to inform him of the results of a laboratory analysis of hair samples;

6. The trial court's charge to the jury was incomplete with respect to the identification testimony and prejudiced appellant by placing undue emphasis on the interests and beliefs of the police witnesses; and

7. Trial counsel was ineffective because of a conflict of interest.[2]

■ Appellant has failed to preserve these issues for appellate review. The only written post-verdict motions con-

---

1. Although appellant does not in this appeal challenge the sufficiency of the evidence, I have reviewed the record and find that the evidence amply supports appellant's conviction of murder of the first degree.

2. "[I]neffectiveness of prior counsel must be raised as an issue at the earliest stage in the proceedings at which the counsel whose effectiveness is being challenged no longer represents the defendant." *Commonwealth v. Hubbard*, 472 Pa. 259, 277 n.6, 372 A.2d 687, 695 n.6 (1977). In the instant case, appellant has been represented by a different counsel at trial, at post-trial proceedings, and in this appeal. Accordingly, post-verdict motions were the proper vehicle for raising the issue of trial counsel's ineffectiveness.

tained in the record are boiler plate challenges to the sufficiency of the evidence which make no mention of the foregoing contentions. As these motions were filed subsequent to this Court's decision in *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), this case is controlled by *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978) and these issues have been waived.

I would, therefore, affirm the judgment of sentence.

ROBERTS and NIX, JJ., join in this Opinion in Support of Affirmance.

EAGEN, Chief Justice, dissenting.

In this case, a brief raising the issues held waived was presented to the post-verdict motion court; hence, I emphatically disagree with the Court's disposition. See *Commonwealth v. Twiggs*, 485 Pa. 481, 402 A.2d 1374 (1979) (Concurring Opinion, Eagen, C. J.). I would consider the issues preserved and review the merits.

O'BRIEN, J., joins in this dissenting statement.

MANDERINO, Justice, dissenting.

I dissent. The issues raised by appellant are not waived. *Commonwealth v. Twiggs*, 485 Pa. 481, 402 A.2d 1374 (1979) (Manderino, J., dissenting). *Accord Commonwealth v. Hagans,* 483 Pa. 415, 397 A.2d 412 (1979) and *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978). (Manderino, J., dissenting).