409 A.2d 1367

**COMMONWEALTH of Pennsylvania**

**v.**

**James LAURIN, Appellant.**

Superior Court of Pennsylvania.

Argued July 9, 1979.

Filed Sept. 14, 1979.

Dennis H. Eisman, Philadelphia, for appellant.

Robert B. Lawler, Assistant District Attorney, Chief, Appeals Division, Philadelphia, for Commonwealth, appellee.

Before WIEAND, NIX and WEKSELMAN, JJ.*

WIEAND, Judge:

On December 22, 1976, a court sitting without a jury convicted appellant of voluntary manslaughter, conspiracy and possession of an instrument of crime. These convictions arose from the shooting death of William Maude of Philadelphia on July 9, 1976. It was the culmination of a week of related hostilities. The incidents began July 3 when appellant's unoccupied car was pelted with bricks by William Nefferdorff. Five days later, appellant and several friends confronted Nefferdorff at the latter's place of employment and roughed him up. The next evening, July 9, Nefferdorff and his brother-in-law, Joe Sinnet, found appellant on the corner of Gaul and Cumberland Streets, where a fight broke out between Sinnet and appellant. After ten minutes, Nefferdorff challenged appellant to return with his friends for a "fair fight." Agreeing, appellant departed.

One of several persons at the scene of the scuffle was the decedent, who thereafter joined a group of friends several

* Justice ROBERT N. C. NIX, Jr. of the Supreme Court of Pennsylvania, and Judge I. MARTIN WEKSELMAN of the Court of Common Pleas of Allegheny County, Pennsylvania, are sitting by designation.

blocks away. Around 9:00 p. m., appellant returned with two companions. There they encountered decedent and his friends. Angry words were exchanged, as a result of which one of the occupants of the car, Nicholas Illich, drew a gun and fired a shot into the group. The three men then drove away in appellant's car, pursued by decedent and several others. After a ten-block chase, appellant's car stalled. Decedent ran from his car to the stalled auto and began striking appellant through the open window with his fists. He was then shot in the chest by one of the occupants of the car. He died as a result of the wound.

Several hours after the shooting, appellant was arrested and confessed his involvement. Following conviction, post verdict motions were filed and denied. Appellant was sentenced to two and one-half to five years in a county work release program on the manslaughter charge, and to two terms of probation on the other charges.

Appellant raises three issues on appeal. The first, which alleges that statements and evidence should have been suppressed due to pre-arraignment delay, has not been preserved for appellate review. Despite the mandates of court rule and case law, appellant submitted boilerplate post verdict motions [1] which challenged the sufficiency of the evidence but failed to raise specifically any other issues. Pa.R. Crim.P. 1123(a); *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975). Therefore, we do not reach the merits of appellant's first contention.

Appellant's remaining contentions challenge the sufficiency of the evidence, and we will examine them. When reviewing the sufficiency of the evidence, we must view all the evidence in the light most favorable to the

---

1. Appellant's motion for new trial contained only three allegations, viz:
 1. The verdict is contrary to the evidence.
 2. The verdict is contrary to the weight of the evidence.
 3. The verdict is contrary to the law.
 His motion in arrest of judgment read:
 1. The evidence was insufficient to sustain the verdict and defendant prays that he be discharged forthwith and the case be dismissed.

verdict winner and give that party the benefit of all reasonable inferences therefrom. *Commonwealth v. Mangini*, 478 Pa. 147, 386 A.2d 482 (1978). Examined in this light, we find that the evidence was sufficient to support the convictions.

■ Although appellant urges that he should not be held criminally responsible for the acts of a co-conspirator which resulted in an unintended shooting death, the fact is that the homicide was not an act beyond the scope of the conspiracy. The actors returned to an area of known hostility, armed with a lethal weapon, for the purpose of inflicting bodily harm on Nefferdorff, Sinnet, and their associates. The fact that a homicide was not specifically contemplated by the appellant is immaterial, for the homicide was a natural and probable consequence of the acts intended by the conspirators. *Commonwealth v. McNeal*, 456 Pa. 394, 319 A.2d 669 (1974); *Commonwealth v. Eiland*, 450 Pa. 566, 301 A.2d 651 (1973).

■ We also do not agree with appellant's contention that the conspiracy had been abandoned. In *Commonwealth v. Griffey*, 453 Pa. 142, 307 A.2d 283 (1973), the Supreme Court said:

" . . . a conspirator may escape criminal responsibility for the [crime] itself if he withdraws from the conspiracy before the [crime] is committed or attempted and provided his withdrawal is communicated to his co-conspirators in sufficient time to allow them to withdraw."

453 Pa. at 146, 307 A.2d at 285. However, "for an abandonment to be legally sufficient, it must occur before the commission of the crime becomes so imminent that avoidance is out of the question." *Commonwealth v. Roux*, 465 Pa. 482, 490, 350 A.2d 867, 871 (1976). We agree with the panel which rejected the same argument in the appeal of the co-defendant, Nicholas Illich. Given "knowledge of the prior week's events, [appellant] should have known his actions would precipitate further confrontations . . . [T]he conspiracy was neither accomplished nor abandoned by the departure of [appellant's] car." *Commonwealth v. Illich*, 266

Pa.Super. 513, 405 A.2d 937 (1979). We conclude, therefore, that the evidence was sufficient to show a conspiracy which had been established and not abandoned. The killing was a natural and probable consequence thereof.

 Appellant also contends that the actions of his co-conspirator were justifiable, committed to prevent the infliction of great bodily harm. This contention is meritless. A claim that homicide constitutes a justifiable defense of oneself or another requires that the slayer (1) be free from fault in provoking or continuing the difficulty which resulted in the slaying; (2) reasonably believe that there is a danger of death or great bodily harm; and (3) has not violated any duty to retreat or avoid the danger. 18 Pa.C.S. §§ 505, 506; *Commonwealth v. Black*, 474 Pa. 47, 53, 376 A.2d 627, 630 (1977). Clearly, the fact finder in this case was justified in determining that these requisites had not been met. There was sufficient evidence to find that there was "no reasonable basis from which to conclude that deadly force was warranted at the instant the fatal shot was fired." *Commonwealth v. Black*, id., 474 Pa. at 53, 376 A.2d at 630.

Judgment of sentence affirmed.