419 A.2d 1366

**COMMONWEALTH of Pennsylvania**

v.

**Anton HENDERSON, Appellant.**

Superior Court of Pennsylvania.

Submitted March 17, 1980.

Filed June 6, 1980.

Louis J. Presenza, Philadelphia, for appellant.

Eric B. Henson, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before HESTER, WICKERSHAM and LIPEZ, JJ.

WICKERSHAM, Judge:

On June 28, 1978 defendant, in the company of two other men, parked an automobile near the AME Zion Church's seminary located at 1200 North Broad Street in Philadelphia (N.T. 32–33). Defendant and his co–defendant David Tennant, entered the building through a rear window and

passed various items of value through the window to the third man standing outside (N.T. 33–34). After the three men moved these items into their car, two police officers, who had observed the entire event from an unmarked police car, arrested the defendants (N.T. 32, 35). Defendant was tried on April 10, 1979 before the Honorable Michael E. Wallace of the Court of Common Pleas of Philadelphia, sitting without a jury, on Informations Nos. 806 & 807, August Session, 1978, charging defendant with burglary, theft by unlawful taking, theft by receiving stolen property, and criminal conspiracy and was convicted of the charges of burglary and criminal conspiracy but acquitted of the theft charges. Post–verdict motions were filed on April 18, 1979 and denied by Judge Wallace on June 13, 1979. Defendant was sentenced to six to twenty–three months imprisonment for burglary (No. 806) and three years consecutive probation for criminal conspiracy (No. 807). This appeal followed.[1]

Defendant poses the STATEMENT OF QUESTION INVOLVED as follows:

"Was not the Court's verdict finding the Appellant guilty of Criminal Conspiracy and Burglary against the evidence, the weight of the evidence, and contrary to law, as the defense of abandonment presented by the Appellant was a full and complete defense to the said offenses?"

The crime of burglary is defined in this manner:

"(a) Offense defined.—A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.

(b) Defense.–It is a defense to prosecution for burglary that the building or structure was abandoned.

(c) Grading.–Burglary is a felony of the first degree.

(d) Multiple convictions.–A person may not be convicted both for burglary and for the offense which it was his intent to commit after the burglarious entry or for an

---

1. Commonwealth's brief, page one.

attempt to commit that offense, unless the additional offense constitutes a felony of the first or second degree." 1972, Dec. 6, P.L. 1482, No. 334, § 1, eff. June 6, 1973, 18 Pa.C.S.A. § 3502.

■ Webster defines abandon as 1) to forsake entirely; as, to abandon a hopeless enterprise 2) to renounce and forsake; to leave with a view never to return. Thus a building that has been abandoned is one that is wholly forsaken or deserted. Webster's New Twentieth Century Dictionary, Unabridged, Second Edition, (1979).

■ Judge Michael E. Wallace of the Philadelphia County Court of Common Pleas, who tried appellant without a jury, found the facts on this issue to be:

"The subject building was a seminary owned by the Christian Educational Department of the AME Zion Church. It was no longer in use but was not abandoned and was in fact up for sale and was visited by the caretaker virtually every day and by the Church's lawyer once a week (N.T. p 14, 16, 27). It had been out of use for only two to three months (N.T. p 15). The attorney in charge of arranging a sale and the caretaker both testified that the defendants had never been given permission to enter the building or to remove any property from the premises. Both these men also testified that when they had last visited the building shortly before the incident, there were no broken or boarded up windows, and the premises were secure (N.T. p 12, 29)." [2]

Clearly under the evidence there was no abandonment of the building or structure. The defendant argues, however, that he would be entitled to an acquittal as his case demonstrated a good faith and reasonable mistake of fact as to the abandonment of the building. Thus, he argues, not only is actual abandonment a defense to burglary, but it is also a defense if the actor reasonably believes that the building is abandoned, though in fact it is not.

2. Opinion of the lower court, page 3.

We find, however, that since a "mistake" would be relevant only if it established a state of mind necessary for a defense, and the defense of abandonment has no mental element, defendant's alleged "mistake" is irrelevant. *Commonwealth v. Carter,* 482 Pa. 274, 393 A.2d 660 (1978).[3]

We affirm the judgment of sentence.

LIPEZ, J., concurs in the result.

3. "Indictment for burglary gives one notice that he is accused of violating the following criminal statute:
   A person is guilty of burglary if he enters a building or occupied structure, or separately secured or occupied portion thereof, with intent to commit a crime therein, unless the premises are at the time open to the public or the actor is licensed or privileged to enter.
   18 Pa.C.S.A. § 3502(a). Scienter is not an element of this crime and thus, one defending against a burglary charge would have no reason to establish that (albeit falsely) he believed his presence in a building or occupied structure was privileged or licensed."