461 A.2d 1268

COMMONWEALTH of Pennsylvania

v.

Joseph HOLMES, Appellant.

COMMONWEALTH of Pennsylvania

v.

Leon SEALS, Appellant.

COMMONWEALTH of Pennsylvania

v.

Juan MARTINEZ, Appellant.

Superior Court of Pennsylvania.

Argued June 24, 1982 (No. 1143).

Submitted June 24, 1982
(Nos. 2529 and 900).

Filed June 10, 1983.

Michael A. DeFino, Philadelphia, for appellant (No. 1143).

Daniel Paul Alva, Philadelphia, for appellant (No. 2529).

Edward M. Flannery, Philadelphia, for appellant (No. 900).

Jane Cutler Greenspan, Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before CERCONE, P.J., and SPAETH, CAVANAUGH, WIEAND, McEWEN, CIRILLO and MONTEMURO, JJ.

SPAETH, Judge:

We ordered these three appeals consolidated because the principal issue in each of them is whether a "boilerplate" post-verdict motion—that is, a motion stating only that "the evidence was insufficient to support the verdict" or that "the verdict was against the weight of the evidence"—preserves any issue for appellate review. On this issue, we have found the law far from clear, and we have been unable to agree on how the pertinent decisions should be interpreted. However, we do all agree with Judge WIEAND's discussion of the facts, and also, that on those facts, the judgments of sentence should be affirmed, except for the judgment of sentence for criminal trespass, which should be vacated. The opinion that follows therefore does not repeat but incorporates Judge WIEAND's discussion of the facts.

In the opinions filed today—this opinion and Judge WIEAND's—we have undertaken to explain our difficulty in deciding how the pertinent decisions should be interpreted. We hope that this effort will prove helpful to the Supreme Court in its continuing examination of the Rules of Criminal Procedure, in particular, of Rule 1123. Meanwhile, pending further interpretation of Rule 1123, and its possible amendment, by the Supreme Court, a majority of us—the President Judge, Judge McEWEN, Judge CIRILLO, and I—have concluded that the fairest way to proceed is to hold that for the time being, boilerplate post-verdict motions should be treated as in compliance with Rule 1123, but that effective sixty days from today, a post-verdict motion, either that "the evidence was insufficient to support the verdict," or that "the verdict was against the weight of the evidence," will preserve *no* issue for appellate review

unless the motion goes on to specify *in what respect* the evidence was insufficient, or *why* the verdict was against the weight of the evidence.

■ As Judge WIEAND, in his opinion at 268–69, points out, every defendant has the right to have an appellate court determine whether the evidence was sufficient to support the verdict, and whether the verdict was against the weight of the evidence. But this right may be waived. And it *will* be waived if the defendant does not proceed properly.

■ The proper procedure to challenge the sufficiency of the evidence is by a post-verdict motion in arrest of judgment. *See:* 19 P.S. § 871, repealed by Act of April 28, 1978, P.L. 202 No. 53, § 2(a), Pa.R.Crim.P. 1124 effective July 1, 1983. Order of January 28, 1983, No. 112 Crim.Pro. Rules Docket No. 2. If the defendant only wishes to challenge the weight of the evidence, the proper procedure is by a post-verdict motion for a new trial. *Harris v. Ruggles Lumber Co.*, 376 Pa. 252, 101 A.2d 917 (1954) (new trial granted where verdict against weight of evidence); *Commonwealth v. Harbaugh*, 197 Pa.Super. 587, 179 A.2d 656 (1962) (same); Pa.R.Crim.P. 1123. The proper procedure for filing these post-verdict motions is specified in Pa.R.Crim.P. 1123.

Rule 1123(a) provides that when post-verdict motions for a new trial and in arrest of judgment are heard, "only those issues raised and the grounds relied upon in the motions may be argued." Pa.R.Crim.P. 1123(a). The difficulty with the rule is that it does not say with what degree of specificity the motion must state the "issues raised and the grounds relied upon." Is an "issue[ ] raised" when a motion states that "the evidence was insufficient to support the verdict," or that "the verdict was against the weight of the evidence?" Are these assignments of error statements of "grounds relied upon?"

In *Commonwealth v. Davis*, 477 Pa. 197, 383 A.2d 891, (1978), the Supreme Court held that a motion for a new trial

that "stated that 'the verdict is contrary to the weight of the evidence' ... [stated] a proper ground for relief ...." *Id.*, 477 Pa. at 203, 383 A.2d at 894 (citations omitted). This decision is consistent with the provision in the Act of June 15, 1951, P.L. 585, § 1, 19 P.S. § 871, that a motion in arrest of judgment may be made "on the ground[] that the evidence was insufficient to sustain the charge...." Thus it would seem that both assignments of error—that the evidence was insufficient, and that the verdict was against the weight of the evidence—state "a proper ground for relief," and, therefore, are within Rule 1123(a).[1]

The difficulty with this conclusion is that in a line of decisions starting with *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), the Supreme Court has engaged in reasoning that seems inconsistent with *Davis*.

In *Blair* the Supreme Court said:

Appellant's written post-trial motions were boiler plate challenges to the sufficiency of the evidence. Although counsel apparently made more specific oral motions that were considered by the court, the Pennsylvania Rules of Criminal Procedure, rule 1123(a), 19 P.S. Appendix, requires written post-trial motions.

The practice in some judicial districts of ignoring the requirements of Rule 1123(a) is condemned. Henceforth, issues not presented in compliance with the rule will not be considered by our trial and appellate courts.

*Id.*, 460 Pa. at 33 n. 1, 331 A.2d at 214 n. 1.

---

1. The Supreme Court, however, has promulgated a Rule of Criminal Procedure, effective July 1, 1983, that will replace 19 P.S. § 871. Rule 1124(a)(4) provides:
   Rule 1124. CHALLENGES TO SUFFICIENCY OF EVIDENCE.
   (a) A defendant may challenge the sufficiency of the evidence to sustain a conviction of one or more of the offenses charged by a:
      (4) motion in arrest of judgment filed within ten (10) days after a finding of guilt.
   This rule, it will be observed, is different from 19 P.S. § 871 in that it merely states that a motion in arrest of judgment is the proper procedure to challenge the sufficiency of the evidence; it does not state that such a motion may be made "on the ground [] that the evidence was insufficient...."

The exact meaning of this statement is unclear to us, for the Court does not say how an issue must be presented to be "presented in compliance with" Rule 1123(a). The statement may be read as meaning only that to be in compliance with the rule, an issue must be presented in writing, not orally; but the Court's pejorative reference to "boiler plate" may be read as implying that even if in writing, "boiler plate" is not in compliance with the rule.

For a time the cases seemed to focus on the requirement that to be presented in compliance with Rule 1123(a), an issue must be presented in writing. In several cases the Court declined to enforce *Blair*, granting appellate review of an issue that had not been presented in a written post-verdict motion so long as it had been briefed to the lower court and the court had considered it on the merits. *See, e.g., Commonwealth v. Pugh*, 476 Pa. 445, 383 A.2d 183 (1978); *Commonwealth v. Perillo*, 474 Pa. 63, 376 A.2d 635 (1977); *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977). In *Pugh*, however, Justice NIX expressed his dissatisfaction with this practice, stating in dissent:

> Since *Blair*, this Court has repeatedly emphasized the need to include issues in written motions in order to preserve them for review.
>
> . . . .
>
> The exception to *Blair* which was created in *Commonwealth v. Grace*, 473 Pa. 542, 375 A.2d 721 (1977), and is applied as "controlling" in this case, not only permits but actually fosters violations of Rule 1123. A trial court which has objections to a verdict presented to it by way of a written memorandum on the day of argument, rather than by written motion within the time limits specified by the rule, knows that it may safely engage in the practice condemned by *Blair* by proceeding to consider such objections on the merits. Under the majority's reasoning, the violation of Rule 1123 by both trial attorney and trial court not only results in no sanctions, but also assures the offending party of full appellate review.

*Id.* 476 Pa. at 454, 383 A.2d at 188.

Evidently persuaded by this statement, the Court soon held in *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979), that

[T]his Court's experience with *Commonwealth v. Grace, supra,* and its progeny has not been very satisfying. Counsel have more often than not failed to include the briefs in the record and, indeed, have often failed to even mention a brief was presented or filed in the trial court in the oral arguments and briefs before this Court .... Accordingly, in order to conclude this unsatisfactory situation, we now rule that sixty days after the filing of this opinion, only those issues included in post-verdict motions will be considered preserved for appellate review .... Our ruling is prospective only because of the possibility of reliance by counsel on prior decisions of this Court.

*Id.,* 486 Pa. at 198–199, 404 A.2d at 1298.

Since *Gravely,* the Court has required strict compliance with Rule 1123, to the extent of holding that an issue will not be preserved if not included in a written post-verdict motion. *See, e.g., Commonwealth v. Cargo,* 498 Pa. 5, 444 A.2d 639 (1982), *Commonwealth v. Green,* 493 Pa. 409, 426 A.2d 614 (1981). But the question remains whether, to be preserved, an issue must *in addition* be more specific than only "boiler plate," and as to that question, we find the law far from clear. As already mentioned, in the course of its progression from *Blair* to *Gravely* the Court held in *Commonwealth v. Davis, supra,* that a post-verdict motion stating that "the verdict is contrary to the weight of the evidence"—which is certainly "boiler plate"—stated "a proper ground for relief." However, while never disapproving *Davis,* the Court has continued to manifest its disapproval of boiler-plate. *See, e.g., Commonwealth v. Green,* 493 Pa. 409, 415, 426 A.2d 614, 617 (1981) ("Appellant's written post-verdict motions were merely boiler plate challenges to the sufficiency of the evidence, a practice which we condemned in *Commonwealth v. Blair,* 460 Pa. 31 n. 1,

331 A.2d 213 n. 1 (1975).") *See also, Commonwealth v. Philpot,* 491 Pa. 598, 421 A.2d 1046 (1980). And in *Commonwealth v. Pronkoskie,* 498 Pa. 245, 445 A.2d 1203 (1982), the Court stated:

> In post-verdict motions appellant stated the verdict was insufficient generally and the evidence was insufficient to show that appellant fired the fatal shot. Appellant did not specifically contend either in his questions presented here or in the court below that the evidence was insufficient to prove a deliberate, willful and premeditated killing. This Court has repeatedly held that boiler plate post-verdict motions will not preserve allegations for appellate review. *Commonwealth v. Philpot,* 491 Pa. 598, 421 A.2d 1046 (1981); *Commonwealth v. Gamble,* 485 Pa. 418, 402 A.2d 1032 (1979); *Commonwealth v. Waters,* 477 Pa. 430, 384 A.2d 234 (1978). Accordingly, appellant's contention, articulated for the first time at oral argument, that the evidence was insufficient to establish the specific intent to kill, is waived.

*Id.,* 498 Pa. at 253, 445 A.2d at 1207 (footnote omitted).

In Judge WIEAND's view, the issue of premeditation "was inconsistent with the defense at trial and was not preserved in appellant's brief in the Supreme Court .... The issue had been waived, not because the averment of insufficient evidence had been general but, rather, because the issue preserved [in the brief to the Supreme Court] had been so specific as to exclude the argument which appellate counsel attempted to present orally." At 272–73, WIEAND, J. Recently, however, in *Commonwealth v. Rodgers,* 500 Pa. 405, 456 A.2d 1352 (1983), the Supreme Court has cited *Pronkoskie* for the proposition that "[a] specific charge of insufficiency ... will not be preserved by a general insufficiency allegation." 500 Pa. at 408 n. 2, 456 A.2d at 1353, n. 2. In *Rodgers,* the appellant had been convicted of murder of the first degree and criminal conspiracy. He claimed that "the evidence was insufficient to establish his shared criminal intent." 500 Pa. at 408, 456 A.2d at 1353. In addressing this issue, the Court said:

The Commonwealth has urged us to conclude that appellant has waived the sufficiency of evidence claim by filing only boilerplate allegations of insufficiency. While we have concluded that a specific charge of insufficiency predicated upon the asserted absence of proof of a deliberate, wilful and premeditated killing will not be preserved by a general insufficiency allegation, *Commonwealth v. Pronkoskie*, 498 Pa. 245, 445 A.2d 1203 (1982) such is not the case where as here the sufficiency claim is premised on the assertion that the evidence is totally inadequate since it merely establishes his presence. *See, e.g., Commonwealth v. Jones*, 478 Pa. 172, 180, 386 A.2d 495, 499 (1978) (NIX, J. concurring); *Commonwealth v. Wolff*, 273 Pa.Super.Ct. 27, 416 A.2d 1072 (1979).

*Id.,* 500 Pa. 408 n. 2, 456 A.2d at 1353 n. 2.

We acknowledge uncertainty as to the proper interpretation of this footnote. We note, however, that the Court has repeated its condemnation of boiler-plate ("a general insufficiency allegation"), with a citation to *Pronkoskie,* and from this we are encouraged to believe that *Pronkoskie* is not to be interpreted narrowly. We also note that while condemning boiler-plate, the Court distinguishes from boiler-plate, and is willing to review, a claim that the evidence was insufficient *in a specified respect* ("the evidence is totally inadequate *since it merely establishes his presence*" (emphasis added)).

As we have considered the cases—not only what they do but what they say—we have concluded that we are not bound by the Supreme Court's holding in *Commonwealth v. Davis, supra,* that a post-verdict motion stating only that "the verdict is contrary to the weight of the evidence" states "a proper ground for relief." In our view, *Davis* has been so undermined by cases such as *Pronkoskie, Philpot,* and *Gravely* that it's ready to fall, and we may decline to follow it. We admit, the question is difficult. As an intermediate appellate court we must scrupulously adhere to the Supreme Court's decisions, and we respect the view that until the Supreme Court expressly disapproves *Davis,*

we must follow it. Even so, considerations of policy persuade us that we may be bolder.

In *Commonwealth v. Waters*, 477 Pa. 430, 384 A.2d 234 (1978), the Supreme Court said:

> The requirement of specific written motions is intended to enhance the quality of review at both the trial and appellate levels. At the trial level, counsel's precise statement of issues and grounds relied upon in written form insures that both the trial court and Commonwealth will have adequate notice of the legal theories being advanced. Thus the prosecution is better able to respond and the court has the benefit of the issues being clearly defined. Such practice should foster alert and zealous advocacy and encourage reflective and reasoned judgments by the court in the resolution of the questions raised.

*Id.*, 477 Pa. at 434, 384 A.2d at 236.

A boiler plate motion, either that "the evidence was insufficient to support the verdict," or that "the verdict was against the weight of the evidence," is not a "precise statement of issues and grounds relied upon." Such assignments of error not only do not "foster" but discourage "alert and zealous advocacy," for anyone may make them without giving thought to what the issues really are. While "reflective and reasoned judgments by the court" may not be impeded, they will at least not be fostered, by boiler plate. As the Court stated in *Waters:*

> In sum, the insistence upon the requirement of specific written post-verdict motions in accordance with Rule 1123(a) enhances the quality of review; encourages professional advocacy; discourages pursuit of frivolous claims; and promotes judicial economy.

*Id.*, 477 Pa. at 435, 384 A.2d at 237 (footnote omitted).

We are persuaded by *Waters* to two conclusions: First, if counsel believes that the evidence was insufficient to support the verdict, the post-verdict motion should specify *in what respect* that was so. For example: on a charge of rape, that the evidence was insufficient to prove lack of

consent; on a charge of receiving stolen goods, to prove knowledge that the goods were stolen; and so on. *Cf. Commonwealth v. Rodgers, supra* (insufficient to prove intent). And second, if counsel believes that the verdict was against the weight of the evidence, the post-verdict motion should specify *why* that was so. For example: that the identification testimony was so vague, and the alibi testimony so powerful, that the verdict shocks the conscience. We can't imagine any good faith objection to requiring such specificity. No doubt some assignments of error, especially to rulings on evidence and the charge, can be made specific only by reference to the transcript, but counsel shouldn't need the transcript to say in what respect the evidence was "insufficient" or why the verdict was "against the weight of the evidence." In any event, counsel may, after reviewing the transcript, obtain leave to supplement boiler-plate assignments with specific ones. (It is to be hoped that the Procedural Rules Committee will re-examine Rule 1123; its ambiguities have generated quite unnecessary litigation. The procedure by which assignments may be added to a post-verdict motion might well be spelled out.)

However, we have also concluded that we should not apply a requirement of specificity to the cases before us, which is to say, retrospectively. As to the cases before us, we hold, as would Judge WIEAND, Judge CAVANAUGH, and Judge MONTEMURO, that the boiler-plate motions were in compliance with Rule 1123. We therefore overrule *Commonwealth v. Neely*, 298 Pa.Super. 328, 444 A.2d 1199 (1982). We will not, in other words, pretend that we are "discovering the law" and announcing what Rule 1123(a) all along required. Not only would that be intellectually dishonest but it would be foolish, for it would generate new and entirely unnecessary litigation in the form of petitions for post-conviction relief alleging that counsel had been ineffective in failing to file sufficiently specific assignments of error. But we believe that we should, and we do, hold that effective sixty days from today, assignments of error will not be in compliance with Rule 1123(a), and therefore

will not preserve any issue for appellate review, unless they specify in what respect the evidence was insufficient or why the verdict was against the weight of the evidence.

In *Linkletter v. Walker,* 381 U.S. 618, 85 S.Ct. 1731, 14 L.Ed.2d 601 (1965), the United States Supreme Court held that in deciding between retrospective and prospective application, a court must "weigh the merits and demerits in each case by looking to the prior history of the rule in question, its purpose and effect, and whether retrospective operation will foster or retard its operation." *Id.* at 629, 85 S.Ct. at 1738. Engaging in this balancing process here, we conclude, that while a retrospective requirement of specificity would be unfair and would generate unnecessary post-conviction litigation, a prospective requirement will result in more professional advocacy and, consequently, better adjudications. Our Supreme Court has similarly given only prospective application to its decisions in *Blair* and *Gravely,* because of "the possibility of reliance by counsel on prior decisions of this Court." *Commonwealth v. Gravely, supra* 486 Pa. at 199, 404 A.2d at 1298.

Judgments of sentence affirmed, except for the judgment of sentence imposed on the conviction for criminal trespass, which is vacated.

WIEAND, J., files a concurring and dissenting opinion in which CAVANAUGH and MONTEMURO, JJ., join.

WIEAND, Judge, concurring and dissenting:

It is a fundamental principle of our criminal law that a person accused of crime is presumed to be innocent and that the burden is on the Commonwealth to prove each and every element of the crime charged and that the accused is guilty of the crime charged beyond a reasonable doubt. *Commonwealth v. Hinchcliffe,* 479 Pa. 551, 553, 388 A.2d 1068, 1069, *cert. denied,* 439 U.S. 989, 99 S.Ct. 588, 58 L.Ed.2d 663 (1978); *Commonwealth v. Todd,* 477 Pa. 529, 533, 384 A.2d 1215, 1217 (1978); *Commonwealth v. Geiger,* 475 Pa. 249, 254, 380 A.2d 338, 340 (1977); *Commonwealth v. Bishop,* 472 Pa. 485, 489, 372 A.2d 794, 796 (1977);

*Commonwealth v. Walzack,* 468 Pa. 210, 217, 360 A.2d 914, 917 (1976); *Commonwealth v. Graves,* 461 Pa. 118, 126, 334 A.2d 661, 665 (1975); *Commonwealth v. Roscioli,* 454 Pa. 59, 62, 309 A.2d 396, 398 (1973); *Commonwealth v. Donough,* 377 Pa. 46, 51, 103 A.2d 694, 697 (1954); *Commonwealth v. Harris,* 263 Pa.Super. 110, 118, 397 A.2d 424, 428 (1979); *Commonwealth v. Adams,* 254 Pa.Super. 62, 64, 385 A.2d 525, 526 (1978); *Commonwealth v. Gearhart,* 253 Pa.Super. 238, 241–242, 384 A.2d 1321, 1323 (1978); *Commonwealth v. Bailey,* 250 Pa.Super. 402, 407, 378 A.2d 998, 1001 (1977); *Commonwealth v. Loccisano,* 243 Pa.Super. 522, 536, 366 A.2d 276, 283 (1976); *Commonwealth v. Jones,* 242 Pa.Super. 471, 479, 364 A.2d 368, 372 (1976); *Commonwealth v. Simmons,* 233 Pa.Super. 547, 552, 336 A.2d 624, 627 (1975); *Commonwealth v. Parsons,* 233 Pa. Super. 419, 421, 335 A.2d 800, 801–802 (1975); *Commonwealth v. McSorley,* 189 Pa.Super. 223, 232, 150 A.2d 570, 575 (1959). When a fact finder, be it court or jury, finds a defendant guilty, that person has a right to have the evidence reviewed by an impartial tribunal to determine whether the evidence was sufficient to support the verdict. *Commonwealth v. Pfaff,* 477 Pa. 461, 467, 384 A.2d 1179, 1182 (1978); *Commonwealth v. Maloy,* 438 Pa. 261, 263, 264 A.2d 697, 698 (1970); *Commonwealth v. Collins,* 295 Pa.Super. 380, 382, 441 A.2d 1283, 1284 (1982); *Commonwealth v. Henderson,* 231 Pa.Super. 190, 192, 331 A.2d 824, 825 (1974); Const. art. 5, § 9. This review is achieved by a post verdict motion in arrest of judgment. See: 19 P.S. § 871, repealed by Act of April 28, 1978, P.L. 202, No. 53, § 2(a). Current practice regarding post verdict motions is governed by Pa.R.Crim.P. 1123. To preserve a post verdict contention that the evidence is insufficient to sustain a verdict of guilty, a written motion in arrest of judgment must set forth that very issue. However, it is not essential in order to preserve the issue for appellate review that the written motion go further and set forth the argument which the defendant wishes to make.

In passing upon such a motion, the trial court must evaluate the entire record to determine the sufficiency of the evidence to convict. " 'All of the evidence must be read in the light most favorable to the Commonwealth and it is entitled to all reasonable inferences arising therefrom. The effect of such a motion is to admit all the facts which the Commonwealth's evidence tends to prove. (Citations omitted.) Also, in passing upon such a motion, all evidence actually received must be considered, whether the trial rulings thereon were right or wrong.' " *Commonwealth v. Hazlett*, 429 Pa. 476, 478, 240 A.2d 555, 556 (1968) quoting from *Commonwealth v. Tabb*, 417 Pa. 13, 16, 207 A.2d 884, 886 (1965). See also: *Commonwealth v. Waldman*, 484 Pa. 217, 222–223, 398 A.2d 1022, 1025 (1979); *Commonwealth v. Barnes*, 310 Pa.Super. 480, 483, 456 A.2d 1037, 1038 (1983); *Commonwealth v. Plusquellic*, 303 Pa.Super. 1, 4, 449 A.2d 47, 49 (1982); *Commonwealth v. Bentley*, 276 Pa.Super. 41, 44, 419 A.2d 85, 86 (1980); *Commonwealth v. Williams*, 273 Pa.Super. 578, 582, 417 A.2d 1200, 1201 (1980).

A motion in arrest of judgment on grounds of insufficiency of the evidence must be distinguished from a motion for new trial on grounds that the verdict is against the weight of the evidence. Whether a new trial shall be granted on grounds that it is against the weight of the evidence is addressed to the sound discretion of the trial judge, and his decision will be reversed by a reviewing court only for an abuse of that discretion. *Commonwealth v. Zapata*, 447 Pa. 322, 327, 290 A.2d 114, 117 (1972); *Commonwealth v. Starks*, 298 Pa.Super. 213, 216, 444 A.2d 736, 738 (1982); *Commonwealth v. Rodriquez*, 291 Pa.Super. 239, 243 n. 3, 435 A.2d 888, 890 n. 3 (1981); *Commonwealth v. Gillespie*, 290 Pa.Super. 336, 342, 434 A.2d 781, 784 (1981); *Commonwealth v. Barnhart*, 290 Pa.Super. 182, 185, 434 A.2d 191, 192 (1981); *Commonwealth v. Larew*, 289 Pa.Super. 34, 37, 432 A.2d 1037, 1038 (1981); *Commonwealth v. Yohn*, 271 Pa.Super. 537, 544, 414 A.2d 383, 387 (1979); *Commonwealth v. Reidenbaugh*, 266 Pa.Super. 315, 320, 404 A.2d

697, 699 (1978); *Commonwealth v. Thomas,* 254 Pa.Super. 326, 333 n. 4, 385 A.2d 1362, 1366 n. 4 (1978); *Commonwealth v. Hayes,* 205 Pa.Super. 338, 344, 209 A.2d 38, 41 (1965). In determining whether to grant a new trial, the test is not whether the court would have decided the case the same way but whether the verdict was so contrary to the evidence as to make the award of a new trial imperative so that right may be given another opportunity to prevail. *Commonwealth v. Barnhart, supra.*

The procedure required for post verdict motions alleging insufficiency of the evidence and the standards to be applied for deciding the same have been well settled and uniformly followed by the courts of this Commonwealth. Appellate decisions have not required a defendant to identify in his motion in arrest of judgment the element or elements of the offense which, allegedly, were not proved by the Commonwealth. On the contrary, the Commonwealth has been required to prove each and every element of the offense charged beyond a reasonable doubt; and a post verdict motion in arrest of judgment alleging insufficiency of the evidence has entitled the defendant to a full review of the entire record to determine, according to established standards, whether the verdict of guilty was properly based upon the evidence presented.

I do not interpret Supreme Court decisions in *Commonwealth v. Philpot,* 491 Pa. 598, 421 A.2d 1046 (1980) and *Commonwealth v. Pronkoskie,* 498 Pa. 245, 445 A.2d 1203 (1982) as altering this well established rule or as imposing additional conditions upon a convicted defendant's right to have the sufficiency of the evidence reviewed. In *Philpot,* the appellant filed a post verdict motion entitled "Motion for New Trial and/or Arrest of Judgment." The only allegation contained therein was as follows:

"The jury verdict was against the weight of the law and the evidence in this case."

This was not a motion in arrest of judgment and did not raise as an issue the sufficiency of the evidence to sustain the finding of guilt. Because the issue had not been raised

in the trial court, and consistently with its earlier opinion in *Commonwealth v. Blair*, 460 Pa. 31, 331 A.2d 213 (1975), the Supreme Court refused to consider an insufficiency of evidence argument on appeal.[1]

In *Pronkoskie*, the post verdict motions contained averments that the evidence was insufficient generally and also that the evidence failed to show that the defendant had fired the fatal shot. The evidence was reviewed on appeal and was found sufficient to sustain the jury's finding that defendant had been the killer. Defendant also attempted to argue on appeal that the evidence was insufficient to show that he had acted wilfully, deliberately and with premeditation. However, this issue was inconsistent with the defense at trial and was not preserved in appellant's brief in the Supreme Court, where the only pertinent "question involved" was stated as follows:

> "Did the court below err in not granting Defendant's motion for a new trial and/or in arrest of judgment because the Commonwealth failed to produce evidence that the Defendant, Norbert Edward Pronkoskie fired the shot that fatally wounded the victim?"

Under these circumstances, it is readily apparent why the Supreme Court refused to consider appellant's oral argument that the evidence was insufficient to show that he had acted wilfully, deliberately and with premeditation. The issue had been waived, not because the averment of insufficient evidence had been general but, rather, because the issue preserved had been so specific as to exclude the argument which appellate counsel attempted to present orally. Thus, it seems clear to me that *Pronkoskie* did not hold and does not stand for the proposition that an averment of insufficiency of evidence to sustain the verdict is "boilerplate" and will not be considered by an appellate

---

1. A panel of this Court, in *Commonwealth v. Neely*, 298 Pa.Super. 328, 444 A.2d 1199 (1982) interpreted *Commonwealth v. Philpot, supra*, to require that post verdict motions contain allegations stating in what respect the evidence is insufficient to sustain the conviction. I do not interpret *Philpot* in the same manner and would, therefore, overrule the decision in *Neely*.

court unless the specific reason for such insufficiency is also alleged. Indeed, despite its finding of waiver, the *Pronkoskie* Court nevertheless considered the substance of appellate counsel's oral argument and found it lacking in merit. *Commonwealth v. Pronkoskie, supra,* 498 Pa. at 253 n. 5, 445 A.2d at 1207 n. 5.

In *Commonwealth v. Rodgers,* 500 Pa. 405, 456 A.2d 1352 (1983), the Supreme Court attempted to distinguish, in footnote 2, the language regarding a general insufficiency allegation as it appeared in *Pronkoskie.* I share the majority's uncertainty regarding the interpretation to be placed upon this footnote. The Court's *holding* in *Rodgers,* however, is clear. Despite a general averment of insufficiency in post-trial motions, the Supreme Court held unanimously that it was required to consider whether the evidence was "totally inadequate" to support the guilty verdict. Moreover, on the same day, the Supreme Court handed down its decision in *Commonwealth v. Giles,* 500 Pa. 413, 456 A.2d 1356 (1983), in which it reviewed the evidence without comment regarding *Pronkoskie,* even though there had been only a general insufficiency averment. See also: *Commonwealth v. Keblitis,* 500 Pa. 321, 456 A.2d 149 (1983) (sole issue whether evidence sufficient to sustain conviction for manufacture of marijuana by growing); *Commonwealth v. Bachert,* 499 Pa. 398, 415 n. 2, 453 A.2d 931, 940 n. 2 (1982); *Commonwealth v. Goldblum,* 498 Pa. 455, 447 A.2d 234 (1982). Compare: *Commonwealth v. Green,* 493 Pa. 409, 426 A.2d 614 (1981) (Boilerplate post verdict motions challenging sufficiency of evidence allowed court to consider evidence to prove appellant's sanity and that she possessed the requisite intent to kill but did not preserve appellant's suppression claim or her claim that she should have been found guilty only of voluntary manslaughter); *Commonwealth v. Hennessey,* 485 Pa. 647, 403 A.2d 575 (1979) (Opinion in Support of Affirmance) (Seven issues raised on appeal were waived because the only post verdict motions filed were boilerplate challenges to the sufficiency of the evidence, an issue not challenged on appeal); *Com-*

*monwealth v. Hitson,* 482 Pa. 404, 408, 393 A.2d 1169, 1171. (1978) (Concurring Opinion by Roberts, J., joined by Nix, J.) (Boilerplate post verdict motions were insufficient to raise the issue of unnecessary delay between arrest and arraignment); *Commonwealth v. Fultz,* 478 Pa. 207, 212, 386 A.2d 513, 515 (1978) (Opinion by O'Brien, J. with two justices concurring and three justices concurring in the result) (Post verdict motions limited to sufficiency of the evidence justified trial court's refusal to consider other issues); *Commonwealth v. Murray,* 460 Pa. 605, 334 A.2d 255 (1975) (Post verdict motions consisting solely of a boilerplate challenge to the sufficiency of the evidence preserved only the insufficiency of evidence argument; a claim that a statement had been erroneously introduced into evidence because involuntary was not preserved); *Commonwealth v. Laurin,* 269 Pa.Super. 368, 371, 409 A.2d 1367, 1368 (1979) (Boilerplate post verdict motions which challenged the sufficiency of the evidence but failed to raise specifically any other issues prevented the court from reaching a claim raised on appeal that statements and evidence should have been suppressed because of prearraignment delay. Remaining issues involving sufficiency of the evidence were preserved for appellate consideration); *Commonwealth v. Schell,* 266 Pa.Super. 499, 405 A.2d 930 (1979) (Post verdict motions raised only the issue of sufficiency, which issue was not raised or argued on appeal. The fifteen assignments of error which appellant attempted to raise had not been specifically stated in post verdict motions and were therefore not preserved for appellate review); *Commonwealth v. Van Wright,* 249 Pa.Super. 451, 453 n. 1, 378 A.2d 382, 383 n. 1 (1977) (Boilerplate challenges to the sufficiency of the evidence did not preserve for appeal Rule 1100 or identification issues).

The majority has not cited and my research does not disclose a single decision of the Supreme Court which has *held* that a post-trial motion in arrest of judgment alleging insufficiency of the evidence is inadequate unless it has also specified in what respect the evidence was insufficient. On

the contrary, the Supreme Court in such cases has uniformly reviewed the evidence to determine whether appellant was properly convicted on the evidence produced. Indeed, the Supreme Court has gone even further and has considered the sufficiency of the evidence to sustain a conviction where the issue has been framed inappropriately as "error in not sustaining a demurrer." See: *Commonwealth v. McNeal,* 493 Pa. 395, 397, 426 A.2d 606, 608 (1981); *Commonwealth v. Edwards,* 493 Pa. 281, 287, 426 A.2d 550, 552 (1981); *Commonwealth v. Mastrangelo,* 489 Pa. 254, 263–264, 414 A.2d 54, 58–59, *appeal dismissed,* 449 U.S. 894, 101 S.Ct. 259, 66 L.Ed.2d 124 (1980); *Commonwealth v. Warren,* 475 Pa. 31, 34 n. 2, 379 A.2d 561, 562 n. 2 (1977); *Commonwealth v. Ilgenfritz,* 466 Pa. 345, 347–348 n. *, 353 A.2d 387, 388–389 n. * (1976). This Court has proceeded in like fashion. *Commonwealth v. Galloway,* 302 Pa.Super. 145, 151 n. 3, 448 A.2d 568, 571 n. 3 (1982); *Commonwealth v. Niemetz,* 282 Pa.Super. 431, 436 n. 5, 422 A.2d 1369, 1371 n. 5 (1980); *Commonwealth v. Pritchard,* 270 Pa.Super. 461, 465, 411 A.2d 810, 812 (1979); *Commonwealth v. Rowe,* 268 Pa.Super. 380, 381 n. 1, 408 A.2d 516, 517 n. 1 (1979); *Commonwealth v. Brabham,* 268 Pa.Super. 35, 39 & n. 2, 407 A.2d 424, 425 & n. 2 (1979).

Nevertheless, the majority relies on language in Supreme Court decisions which, in other situations, has decried "boilerplate" post-trial motions and because of such language elects to fashion a new rule, which it decrees effective in sixty days. This rule will require a motion in arrest of judgment to state not only that the evidence is insufficient to sustain a verdict of guilt but specify why this is so. I am unable to subscribe to this exercise of the Court's newly found rule making power. Not only does the Court usurp a power reserved to the Supreme Court by the Constitution of Pennsylvania,[2] but it imposes a requirement that is inconsistent with precedential holdings in cases decided by the Supreme Court.

2. Const. art. 5, § 10(c).

Still, I should happily join in recommending such a rule if I thought it would expedite the review process in criminal cases. Unfortunately, I do not foresee that the rule adopted by the court today will either hasten or enhance the quality of the appellate process. The insufficiency of evidence to sustain a conviction is such a basic and fundamental defect in any criminal conviction that I find it difficult to perceive how counsel can fail to raise it properly without being constitutionally ineffective. If the sufficiency of the evidence is not to be considered on direct appeal because it has not been raised with sufficient specificity in post-trial motions, it can in all events be raised thereafter in P.C.H.A. proceedings charging that prior counsel rendered constitutionally ineffective assistance. Given this inevitable result, I find it preferable to consider the sufficiency of the evidence on direct appeal even though the issue may have been preserved only by a general averment of insufficiency in the post verdict motion. This will enable the sufficiency of the evidence to be reviewed promptly and, as years of experience have demonstrated, without affecting adversely the quality of the review process.

Unless and until the Supreme Court announces a contrary rule, therefore, I am of the opinion that the law is and should remain that a post verdict motion in arrest of judgment which alleges that the evidence is insufficient to sustain a conviction is adequate to require a reviewing court to examine the entire record to determine whether the trial evidence was of such quantity and quality as to prove each and every element of the crime charged and that the defendant committed the crime beyond a reasonable doubt.

Joseph Holmes was tried nonjury and was found guilty of burglary,[3] criminal trespass [4] and criminal conspiracy.[5] His post verdict motions, which included challenges to the sufficiency of the evidence to support each conviction beyond a

3. 18 Pa.C.S. § 3502.

4. 18 Pa.C.S. § 3503.

5. 18 Pa.C.S. § 903.

reasonable doubt, were denied; and three concurrent two to ten year sentences of imprisonment were imposed. On appeal, Holmes again argues insufficiency of the evidence to sustain convictions for burglary, criminal trespass and conspiracy. These sufficiency of evidence issues have been properly preserved for appellate review and require that the evidence be reviewed to determine whether the evidence was sufficient to establish each and every element of the offenses and that Holmes was guilty of the offenses charged.

Holmes and another man were found inside a building at 5864 Hatfield Street, Philadelphia, by police who were responding to a call from the owner. The front door of the building, which had been covered with boards, was found to have been broken open, and a counter top was found to have been removed from the third floor of the building and placed on the front porch. Radiators were also found to be missing. The owner, who had been alerted that something was amiss by members of a neighborhood watch, testified that she had not given Holmes or his companion permission to enter the building or remove property from it.

This evidence was sufficient to sustain the convictions. Contrary to appellant's several arguments, the circumstances were such as to permit the factfinder to infer not only that Holmes knew he was not privileged to enter the building (criminal trespass) but also that he entered with the intent to commit the crime of theft (burglary). Finally, it is clear that appellant entered a "building" within the proscriptions of 18 Pa.C.S. §§ 3502 and 3503. It was not a defense that the owner resided in an adjoining building or that the building which Holmes entered had been boarded up and was then unoccupied. 18 Pa.C.S. § 3501. See also: *Commonwealth v. Henderson,* 278 Pa.Super. 79, 419 A.2d 1366 (1980); *Commonwealth v. Mayer,* 240 Pa.Super. 181, 362 A.2d 407 (1976). See also: Annot., 78 A.L. R.2d 778 (1961). The evidence presented by the Commonwealth was also persuasive that Holmes and his companion had agreed to commit an unlawful act and had, in fact,

committed an overt act in furtherance thereof. The evidence was thus sufficient to prove conspiracy. In order to establish a conspiracy the Commonwealth was not required to produce direct proof of a formal agreement; an inference that a conspiracy existed was permissible from the conduct of the parties and the totality of the circumstances surrounding their activities. *Commonwealth v. Finnegan,* 280 Pa.Super. 584, 598–599, 421 A.2d 1086, 1093 (1980); *Commonwealth v. Flythe,* 273 Pa.Super. 248, 252, 417 A.2d 633, 635 (1979); *Commonwealth v. Madison,* 271 Pa.Super. 382, 387, 413 A.2d 718, 720 (1979). Here it was reasonable to infer that Holmes, together with his companion, agreed to and did in fact enter the premises at 5864 Hatfield Street for the purpose of committing a theft.

However, it was error for the trial court to impose sentences on the burglary and criminal trespass convictions, for both offenses arose from a single criminal act. *Commonwealth v. Casella,* 312 Pa.Super. 375, 458 A.2d 1007 (1983); *Commonwealth v. Kinnon,* 308 Pa.Super. 28, 31, 453 A.2d 1051, 1053 (1982); *Commonwealth v. Cadogan,* 297 Pa.Super. 405, 408–409, 443 A.2d 1185, 1186–1187 (1982). For sentencing purposes, a merger of offenses occurred, and only a single sentence could properly be imposed.[6] The concurrent sentences suggest that the trial court considered the offenses as part of the same incident; and, therefore, it does not appear necessary to remand for resentencing. Instead, I would simply vacate the judgment of sentence imposed on the conviction for criminal trespass. See: *Commonwealth v. Casella, supra; Commonwealth v. Kinnon, supra; Commonwealth v. Cadogan, supra.*

Leon Seals was found guilty by a jury of rape,[7] robbery[8] and aggravated assault[9] committed against Mrs. Amaleda

---

**6.** This issue cannot be waived. *Commonwealth v. Fortune,* 305 Pa.Super. 441, 446, 451 A.2d 729, 731 (1982); *Commonwealth v. Tolassi,* 303 Pa.Super. 177, 180, 449 A.2d 636, 638 (1982).

**7.** 18 Pa.C.S. § 3121.

**8.** 18 Pa.C.S. § 3701.

**9.** 18 Pa.C.S. § 2702.

Hamm in the subway concourse in Philadelphia. Post verdict motions contained a general averment that the evidence was insufficient to support the findings of guilt. In response to appellant's argument, the trial court reviewed the evidence of rape, found it sufficient, and dismissed post verdict motions. A sentence of imprisonment was thereafter imposed. On appeal, Seals contends that the evidence was insufficient to sustain the conviction for rape.[10] This issue has been properly preserved for appellate review. It was raised in post verdict motions, was considered by the trial court and has been adequately briefed on appeal.

■ The argument, however, is lacking in merit. The complaining witness testified that Seals had grabbed her, forced her down on her stomach and beat her into unconsciousness. When she regained consciousness in Jefferson Hospital she became aware that she was "staining" and had a burning sensation in her vaginal area. She said "it felt like somebody had messed with (her) and was rough with (her)." She alerted the doctors who ordered smears of the vulva and vagina. These revealed the presence of sperm.

**10.** Seals also argues that the trial court allegedly received two items of evidence which were suggestive of the possibility of prior criminal activity. These issues were waived by Seals' failure to comply with the specificity requirements for written post verdict motions. Pa.R. Crim.P. 1123(a); *Commonwealth v. Gravely,* 486 Pa. 194, 404 A.2d 1296 (1979). His post verdict motions, after averring insufficiency of the evidence, alleged with impermissible generality the following:

2. The court erred in admitting certain evidence over the defendant's objection which allowed for the drawing of impermissible inferences.

3. The court erred in admitting certain evidence over defendant's objection which was duly prejudicial to defendant.

4. The court abused its discretion in admitting certain evidence without allowing defendant a prior hearing as required by law.

5. The prosecutor violated the canons governing prosecutorial misconduct.

6. The court erred in that it did not follow the law of the case.

7. Trial counsel was ineffective for failure to call a material medical witness.

8. The verdict is contrary to the evidence.

9. The verdict is contrary to the weight of the evidence.

10. The court failed to correct a misleading charge to the jury.

11. The court erred in not finding that the Commonwealth had failed to present evidence of an indictable offense.

Mrs. Hamm had engaged in sexual relations with her husband one week earlier and had washed and douched thereafter. This evidence, although circumstantial, was sufficient to permit a jury to infer that Seals had achieved sexual penetration after he had beaten Mrs. Hamm into unconsciousness.

Juan Martinez was tried nonjury and was found guilty of possession of an instrument of crime,[11] aggravated assault[12] and recklessly endangering another person[13] in connection with an early morning stabbing incident which occurred on New Years Day 1978 and which rendered the victim a quadraplegic. Martinez filed post verdict motions which contained general averments that the verdict was "contrary to the evidence," "contrary to the weight of the evidence," and "contrary to the law." Martinez also alleged that an extension of time for the commencement of trial had been improperly granted and that a motion to suppress identification evidence had been "improvidently denied." His post verdict motions did not contain an averment that the evidence was insufficient to sustain the verdict. Nevertheless, on direct appeal appellant attempts to argue that the evidence was insufficient as a matter of law to sustain the convictions.

■ The issue of the sufficiency of the evidence to sustain the verdict in this case has not been preserved for appellate review. The averments of the post verdict motions cannot be distinguished, in my opinion, from those which were held insufficient in *Commonwealth v. Philpot, supra.* There, as here, the averments in post verdict motions were that the verdict was against the *weight* of the evidence and the law. The Supreme Court held that such general allegations were "boilerplate" and were inadequate to preserve an "insufficiency of evidence" argument under Pa.R.Crim.P. 1123(a) and the court's earlier opinion in *Com-*

11. 18 Pa.C.S. § 907.

12. 18 Pa.C.S. § 2702.

13. 18 Pa.C.S. § 2705.

*monwealth v. Blair, supra.* In the instant appeal, Martinez has abandoned his contention that the verdict was against the weight of the evidence and attempts to argue for the first time that the evidence was insufficient to sustain the conviction. These are entirely different arguments. I would consider neither.

Appellant's remaining arguments in support of his request for a new trial were properly preserved and are properly before this Court for review. It seems clear, however, that they lack merit. Therefore, I would affirm the judgment of sentence.

Thus, although I differ from the majority in its determination to require greater specificity in post-trial motions alleging insufficiency of the evidence, I agree that the records in the instant cases do support the several convictions. Therefore, I would affirm the judgments of sentence, except that I would vacate the sentence imposed upon Joseph Holmes for criminal trespass.

CAVANAUGH and MONTEMURO, JJ., join this opinion.