J-S68026-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | : : : : | |
| MICHELLE LIZETTE MIRANDA | : : | |
| Appellant | : | No. 683 MDA 2017 |

Appeal from the Judgment of Sentence March 22, 2017
In the Court of Common Pleas of Berks County Criminal Division at
No(s):  CP-06-CR-0001175-2016

BEFORE:   LAZARUS, J., DUBOW, J., and STRASSBURGER*, J.

MEMORANDUM BY DUBOW, J.:                **FILED DECEMBER 11, 2017**

Appellant, Michelle Lizette Miranda, appeals from the Judgment of Sentence entered in the Berks County Court of Common Pleas following a bench trial.  Appellant challenges the weight and sufficiency of the evidence to support her conviction for Driving Under the Influence,[1] certain evidentiary rulings, and the discretionary aspect of her sentence.  After careful review, we affirm.

The facts, as gleaned from the certified record, are as follows. On December 19, 2015, Appellant's daughter, Damiana Villa, called the police because her mother and father had been fighting, and told the dispatcher that Appellant had been drinking that night "because [Villa] didn't want her to

_____

[1] 75 Pa.C.S. § 3802(a)(1).

_____

*   Retired Senior Judge assigned to the Superior Court.

leave[.]" N.T. Trial, 2/8/17, at 27. Villa told the dispatcher that Appellant had driven away from the house in a red Chevy Blazer. *Id.* at 65-66.

Corporal Thomas Moran and Trooper Benjamin Scott of the Pennsylvania State Police responded to the dispatch, which they received as an active domestic dispute at Appellant's home. *Id.* at 64. When they arrived, Corporal Moran determined everyone in the house was okay, and as he returned to his patrol vehicle to get written statement forms, he observed Appellant drive a red Chevy Blazer into the development. *Id.* at 67. He approached the vehicle and "immediately smelled the odor of what appeared to be an alcoholic beverage." *Id.* at 67-68. He stated that Appellant's eyes were bloodshot and glassy. *Id.* at 68.

Corporal Moran conducted standard field sobriety tests on Appellant, which she failed. Her performance on the breathalyzer test indicated the presence of alcohol in her system. *Id.* at 77-78. Corporal Moran arrested Appellant for suspicion of DUI. *Id.* at 79-80.

While Corporal Moran was conducting the field sobriety testing, Trooper Scott took statements from Villa, Appellant's son, and her ex-husband, who also lived at the house. *Id.* at 91-94. He told them to write what happened that evening and to read the bottom statement on the form. *Id.* at 95. The statement indicates that if a person lies on the document, the person can be charged. *Id.* He testified that he did not instruct them to indicate that Appellant had been drinking. *Id.* at 94. In her written statement, Villa

averred that Appellant "had been drinking a lot causing her to be aggressive through the evening." *Id*. at 133.

Appellant proceeded to a bench trial on February 8, 2017, at which Villa and the police officers testified. The officers each testified regarding their actions on the night of the incident. In addition, Corporal Moran testified in detail regarding the field sobriety tests he had conducted and Appellant's poor performance on each. *See id*. at 69-81.

Villa testified that she did not see Appellant drink anything the night of the incident. *Id*. at 43. Villa further testified that Appellant was not drunk that night but that the police officer "told us to write about her drinking that night, even though she didn't drink that night[,] . . . because that's what I called for. I called saying that my mom had been drinking, even though she wasn't." *Id.* at 30-32. The Commonwealth showed Ms. Villa a copy of her statement and she agreed that it was inconsistent with her trial testimony. *Id.* at 36.

On February 8, 2017, the trial court found Appellant guilty of DUI. The court did not order a presentence investigation report.[2] On March 22, 2017, the court sentenced her to sixty days' to six months' incarceration.

After the denial of Post-Sentence Motions, Appellant timely appealed. She filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal, and the trial court filed a responsive opinion.

_____

[2] Appellant's counsel informed the court that Appellant had "waived a PSI." N.T. Sentencing Hr'g, 3/22/17, at 4.

- 3 -

Appellant raises the following five issues for our review:

A. Whether the evidence presented at trial was insufficient to prove beyond a reasonable doubt that Appellant imbibed a sufficient amount of alcohol to render her incapable of safely driving, operating or being in actual control of the movement.

B. Whether the verdict of guilty to Count 1 Driving Under the Influence is contrary to the weight of the evidence presented at trial where the Commonwealth failed to establish that Appellant had imbibed a sufficient amount of alcohol to render her incapable of safely driving, operating or being in actual physical control of the movement of a vehicle.

C. Whether the trial court erred in admitting written statements as evidence and over objection by the Defense where the unfair prejudice substantially outweighed the probative value.

D. Whether the trial court erred and abused its discretion by permitting the testimony of Appellant's daughter and ex-husband insofar as their testimony was unrelated to the DUI charge and included hearsay and speculation.

E. Whether the sentencing court abused its discretion by sentencing Appellant to 60 days (two months) to six months of incarceration, in the aggravated range, where the sentence was excessive, unreasonable and beyond the statutory requirements without sufficient reasons included on the record.

Appellant's Brief at 5-6.[3]

---

[3] Appellant does not address the issues in the argument section of the brief in the order in which they are presented.

**Sufficiency of the Evidence**

Appellant contends the evidence was insufficient to sustain her conviction for DUI.  She avers that the facts "suggest" that she "did not imbibe a sufficient amount of alcohol such that she was rendered incapable of safely driving . . . ."  Appellant's Brief at 39.

"A claim challenging the sufficiency of the evidence is a question of law." ***Commonwealth v. Widmer***, 744 A.2d 745, 751 (Pa. 2000).

> The critical inquiry on review of the sufficiency of the evidence to support a criminal conviction . . . does not require a court to ask itself whether **it** believes that the evidence at the trial established guilt beyond a reasonable doubt.  Instead, it must determine simply whether the evidence believed by the fact-finder was sufficient to support the verdict.
>
> ***
>
> When reviewing the sufficiency of the evidence, an appellate court must determine whether the evidence, and all reasonable inferences deducible from that, viewed in the light most favorable to the Commonwealth as verdict winner, are sufficient to establish all of the elements of the offense beyond a reasonable doubt.

***Commonwealth v. Ratsamy***, 934 A.2d 1233, 1235-37 (Pa. 2007) (citations and quotation marks omitted) (emphasis in original).

Under Section 3802(a)(1):

> An individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle.

75 Pa.C.S. § 3802(a)(1).

Appellant argues that because the results of the breathalyzer and blood tests were not admitted into evidence at trial, the court impermissibly relied solely on testimony offered at the time of trial to determine whether she was rendered incapable of safe driving.[4]   Appellant's Brief at 39.  Appellant avers that although she did admit to having some alcohol on the night in question, it was imbibed several hours before the incident.  *Id.* at 40.  She "also admitted to struggling with the field sobriety tests administered by Corp. Moran . . . ."  *Id.*  She testified that "[r]ed, bleary eyes from crying could be mistaken for glassy eyes . . . ."  *Id.* at 41.  Appellant claims that based upon the evidence presented by her and her family, it was "equally reasonable" for the court to believe that she was not driving under the influence of alcohol.  *Id.*

Although Appellant purports to raise a sufficiency challenge, her argument actually only impugns the manner in which the court weighed the evidence to arrive at its verdict.  As noted in *Commonwealth v. DeJesus*, 860 A.2d 102 (Pa. 2004):

> The weight of the evidence is exclusively for the finder of fact, which is free to believe all, part, or none of the evidence, and to assess the credibility of the witnesses. Questions concerning inconsistent testimony . . . go to the credibility of the witnesses.  This Court cannot substitute its judgment for that of the [fact finder] on issues of credibility.

---

[4] We note that "the focus of subsection 3802(a)(1) remains on the inability of the individual to drive safely due to consumption of alcohol—not on a particular blood alcohol level."  *Commonwealth v. Segida*, 985 A.2d 871, 879 (Pa. 2009).

*Id.* at 107 (citations omitted).

Appellant's claim that it was equally reasonable for the fact finder to believe she was not driving under the influence of alcohol challenges the weight of the evidence. ***See id.*** As we cannot substitute our judgment for that of the fact finder, this claim fails. ***See id.***

### Weight of the Evidence

Next, Appellant contends her conviction for DUI was against the weight of the evidence. In her Post-Sentence Motion, Appellant "aver[ed] that the verdicts are contrary to the weight of the evidence presented at trial." Post—Sentence Motions at 1. We conclude Appellant has waived this claim on appeal.

In ***Commonwealth v. Holmes***, 461 A.2d 1268 (Pa. Super. 1983) (*en banc*), this Court opined: "[A] post-verdict motion . . . that 'the verdict was against the weight of the evidence,' will preserve **no** issue for appellate review unless the motion goes on to specify . . . **why** the verdict was against the weight of the evidence." ***Id.*** at 1270 (emphasis in original).

Appellant did not explain why the verdict was against the weight of the evidence in her Post-Sentence Motion. Therefore, we find the issue challenging the weight of the evidence waived.[5] ***See id.***

---

[5] The fact that Appellant raised the issue in her Rule 1925(b) statement and the trial court addressed it in the Rule 1925(a) opinion, "does not render the claim reviewable." ***Commonwealth v. Causay***, 833 A.2d 165, 173 (Pa. Super. 2003).

**Admission of Evidence**

Appellant addresses contemporaneously her third and fourth issues in which she claims that the trial court erred in admitting certain written statements and permitting her daughter and ex-husband to testify regarding matters that were unrelated to the DUI charge.[6]  Appellant claims the court erred in overruling her objection and allowing her daughter to testify at trial and permitting Villa's inconsistent written statement to police to be admitted into evidence because it was based on hearsay.  Appellant's Brief at 46.

Our review is governed by the following principles:

> The "[a]dmission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." ***Commonwealth v. Tyson***, 119 A.3d 353, 357 (Pa. Super. 2015) (citation and quotation omitted).  "[A]n abuse of discretion is not merely an error of judgment, but is rather the overriding or misapplication of the law, or the exercise of judgment that is manifestly unreasonable, or the result of bias, prejudice, ill-will[,] or partiality, as shown by the evidence or the record." ***Commonwealth v. Cameron***, 780 A.2d 688, 692 (Pa. Super. 2001) (citation and quotation omitted).

***Commonwealth v. Bullock***, 170 A.3d A.3d 1109, 1117 (Pa. Super. 2017).

---

[6] Our rules provide that issues raised separately must be addressed separately. ***See*** Pa.R.A.P. 2119(a) ("The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.").

"It is long settled that a prior inconsistent statement may be used to impeach a witness. Further, a prior inconsistent statement may be offered not only to impeach a witness, but also as substantive evidence if it meets additional requirements of reliability." ***Commonwealth v. Watley***, 153 A.3d 1034, 1040 (Pa. Super. 2016), *appeal denied*, 169 A.3d 574 (Pa. 2017) (citations omitted).

Pennsylvania Rule of Evidence 803.1 provides exceptions to the rule against hearsay.

> The following statements are not excluded by the rule against hearsay if the declarant testifies and is subject to cross-examination about the prior statement:
>
> (1) A prior statement by a declarant-witness that is inconsistent with the declarant-witness's testimony and:
>
> (A) was given under oath subject to the penalty of perjury at a trial, hearing, or other proceeding, or in a deposition;
>
> (B) is a writing signed and adopted by the declarant; or
>
> (C) is a verbatim contemporaneous electronic recording of an oral statement.

Pa.R.Evid. 803.1. ***See also*** Daniel J. Anders, Ohlbaum on the Pennsylvania Rules of Evidence §§ 803.1.01-803.1.09 (2017 ed. LexisNexis Matthew Bender).

Instantly, the trial court opined:

> When the court was notified that Ms. Villa may testify in a way that was inconsistent with her prior statement, it appointed Daniel Nevins, Esquire, to represent Ms. Villa and determine whether there was a potential Fifth Amendment issue. After consulting with Ms. Villa, Mr. Nevins informed

the court that despite the fact that Ms. Villa had a valid Fifth Amendment right to assert, she nevertheless wished to testify in order to recant her prior statement. Accordingly, her prior inconsistent statement to the police was admissible for impeachment purposes and also as substantive evidence.

Trial Ct. Op., 6/12/17, at 7 (citation omitted).

In her written statement, Villa averred that Appellant "had been drinking a lot causing her to be aggressive through the evening." N.T. at 133. At trial, she recanted the written statement she had given to the police on the night of the incident. She testified that she had not seen Appellant drink anything the night of the incident giving rise to the DUI. *Id.* at 43. Therefore, the statement was admissible not only to impeach her, but also as substantive evidence. *See Watley*, 153 A.3d at 1040. We, thus, discern no abuse of discretion in the trial court's admission of the statement. *See Bullock*, ____ A.3d at ____, 2017 PA Super 284, at *3.

**Discretionary Aspect of Sentence**

Lastly, Appellant contends the sentencing court abused its discretion in sentencing her to a "manifestly excessive and clearly unreasonable aggravated range sentence contrary to the fundamental norms underlying the sentencing guidelines." Appellant's Brief at 30. Appellant claims that by imposing a term of 2 to 6 months' incarceration for this DUI conviction, her second, the court "elected to impose an extreme sentence as punishment for the bad, even illegal, acts of Appellant's child and significant other [ex-husband]." *Id.* at 32. She avers the court "elected to punish Appellant for what the court viewed as a string of lies." *Id.* at 34. Appellant argues the

court failed to consider the factors set forth at 42 Pa.C.S. § 9721(b). *Id.* at 36.

A challenge to the discretionary aspects of sentencing is not automatically reviewable as a matter of right. *Commonwealth v. Phillips*, 946 A.2d 103, 112 (Pa. Super. 2008). Prior to reviewing such a claim on its merits:

> We conduct a four part analysis to determine: (1) whether appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code.
>
> When appealing the discretionary aspects of a sentence, an appellant must invoke the appellate court's jurisdiction by including in his brief a separate concise statement demonstrating that there is a substantial question as to the appropriateness of the sentence under the Sentencing Code . . . .

*Id.* (citations and quotation marks omitted). *See also* Pa.R.A.P. 2119(f).

Instantly, Appellant timely filed her appeal, preserved the issue of an excessive sentence in her Post-Sentence Motion, and included a statement in her Brief which conforms with Pa.R.A.P. 2119(f). *See* Appellant's Brief at 24. Accordingly, we ascertain whether Appellant has raised a substantial question. *See Phillips*, 946 A.2d at 112.

"A defendant presents a substantial question when he [or she] sets forth a plausible argument that the sentence violates a provision of the sentencing

- 11 -

code or is contrary to the fundamental norms of the sentencing process."

***Commonwealth v. Dodge***, 77 A.3d 1263, 1268 (Pa. Super. 2013) (citation and quotation marks omitted.) "[A]rguments that the sentencing court failed to consider the factors proffered in 42 Pa.C.S. § 9721 [do] present a substantial question. . . ." ***Id.*** at 1272 n.8.

Appellant sufficiently alleges that her sentence was excessive and the court failed to give due consideration to the statutory factors in Section 9721. Appellant's Brief at 36-38. We therefore find that Appellant has raised a substantial question. ***See Dodge***, 77 A.3d at 1272 n.8.

Our review of the discretionary aspect of Appellant's sentence is governed by the following principles:

> Sentencing is a matter vested in the sound discretion of the sentencing judge, and a sentence will not be disturbed on appeal absent a manifest abuse of discretion. An abuse of discretion is more than just an error in judgment and, on appeal, the trial court will not be found to have abused its discretion unless the record discloses that the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill-will.

***Commonwealth v. Bricker***, 41 A.3d 872, 875 (Pa. Super. 2012) (citation omitted).

"In every case in which the court imposes a sentence for a felony or misdemeanor . . . the court shall make as a part of the record, and disclose in open court at the time of sentencing, a statement of the reason or reasons for the sentence imposed." 42 Pa.C.S. § 9721(b).

At the time of sentencing, the Commonwealth informed the court that this conviction was Appellant's second conviction for DUI. N.T. Sentencing, 3/22/17, at 2. The conviction for DUI carried a minimum sentence of five days and a maximum sentence of six months' incarceration. *Id.* The Commonwealth recommended a sentence in the aggravated range of two to six months' incarceration. *Id.* at 3. The Commonwealth argued that Appellant had neither taken responsibility for her actions nor availed herself of treatment. *Id.* at 4.

Appellant's counsel stated that Appellant was the caretaker of her two children, ages fifteen and eighteen. *Id.* at 5. Her ex-husband, with whom she lives, works long hours. *Id.* Appellant was a nurse for ten years and her license was suspended because of her conviction. *Id.* Appellant is working on her master's degree in public administration. *Id.* Appellant has serious medical conditions which were enumerated for the court's consideration. *Id.* The Commonwealth stated for the record that it would not object to a request for delayed reporting for her sentence. *Id.* at 13-14.

The trial court stated its reasons on the record for the sentence it imposed. The court found that the only credible witnesses were the police officers. *Id.* at 14. The court admonished Appellant for allowing her daughter to take the stand with the knowledge that she would not testify one hundred percent truthfully. *Id.* The court found that Appellant did not accept responsibility for her actions or demonstrate any remorse. *Id.* at 15. Appellant did not seek treatment. *Id.* The court took into consideration "the

prior record score, the offense gravity score, the sentencing guidelines," and the testimony of all the witnesses and comments of counsel in imposing its sentence. *Id.*

Appellant's claim that the court failed to offer specific reasons for the sentence pursuant to the Section 9721 factors is without merit. After examining the record as a whole, we find that the trial court's sentence was not manifestly excessive. We discern no abuse of discretion. *See Bricker*, 41 A.3d at 875. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.
Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/11/2017