J-S19009-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JUDITH A. VACULA | : | |
| | : | |
| Appellant | : | No. 1565 MDA 2022 |

Appeal from the Judgment of Sentence Entered October 13, 2022
In the Court of Common Pleas of Schuylkill County Criminal Division at
No(s):  CP-54-CR-0001975-2021

BEFORE:  BENDER, P.J.E., McLAUGHLIN, J., and SULLIVAN, J.

MEMORANDUM BY BENDER, P.J.E.:                    **FILED AUGUST 28, 2023**

Appellant, Judith A. Vacula, appeals from the judgment of sentence of 3 to 23 months' incarceration, imposed after she was convicted by a jury of two counts of criminal trespass, 18 Pa.C.S. § 3503(a)(1)(i) and (ii).  On appeal, Appellant seeks to challenge her sentence, as well as the sufficiency of the evidence to sustain her convictions.  Additionally, Appellant's counsel, William L. J. Burke, Esq., seeks to withdraw his representation of Appellant pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009).  After careful review, we affirm Appellant's judgment of sentence and grant counsel's petition to withdraw.

The facts of Appellant's case were briefly summarized by the trial court, as follows:

On November 23, 2021, Officer [Karl] Harig charged [Appellant] with the aforementioned crimes[,[1]] which occurred between August 24, 2021, [and] November 23, 2021.[2] [Appellant] had repeatedly trespassed on property located at 237 East Broad Street, Tamaqua, Pennsylvania[,] while she was not licensed or privileged to do so by breaking into the building which was placarded as a condemned property on multiple occasions by Borough officials.

TCO at 3.

Following a trial on August 8, 2022, the jury convicted Appellant of two counts of criminal trespass (one count under section 3503(a)(1)(i) (entering a structure) and one count under section 3503(a)(1)(ii) (breaking into a structure)). She was acquitted of the remaining counts. On October 13, 2022, Appellant was sentenced to the aggregate term of incarceration set forth *supra*. She filed a timely, post-sentence motion for modification of her sentence, which the court denied on October 24, 2022. Appellant then filed a timely notice of appeal, and she complied with the court's order to file a Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. The court filed its Rule 1925(a) opinion on December 12, 2022.

---

[1] Appellant was originally charged with 10 total counts of criminal trespass (five counts under 18 Pa.C.S. § 3503(a)(1)(i) (entering a structure) and five counts under 18 Pa.C.S. § 3503(a)(1)(ii) (breaking into a structure)). **See** Trial Court Opinion (TCO), 12/12/22, at 1. The Commonwealth subsequently filed a motion to amend the information to charge six total counts (three counts under section 3503(a)(1)(i) and three counts under 3503(a)(1)(ii)). **Id.** at 2.

[2] Specifically, the dates Appellant allegedly committed the trespass crimes were August 24, 2021, November 4, 2021, and November 23, 2021.

On March 3, 2023, Attorney Burke filed with this Court a petition to withdraw from representing Appellant. That same day, counsel also filed an *Anders* brief, discussing the following two issues that Appellant seeks to raise on appeal:

> [1.] Whether the [trial c]ourt … [i]mposed a sentence of incarceration in excess of the recommended sentencing guidelines, and whether said sentence resulted in an abuse of discretion?
>
> 2. Whether the jury's verdict was contrary to the evidence and testimony adduced at trial?

*Anders* Brief at 4.

Attorney Burke concludes that these issues are frivolous, and that Appellant has no other, non-frivolous issues she could pursue herein. Accordingly,

> this Court must first pass upon counsel's petition to withdraw before reviewing the merits of the underlying issues presented by [the appellant]. *Commonwealth v. Goodwin*, 928 A.2d 287, 290 (Pa. Super. 2007) (*en banc*).
>
> Prior to withdrawing as counsel on a direct appeal under *Anders*, counsel must file a brief that meets the requirements established by our Supreme Court in *Santiago*. The brief must:
>
>> (1) provide a summary of the procedural history and facts, with citations to the record;
>>
>> (2) refer to anything in the record that counsel believes arguably supports the appeal;
>>
>> (3) set forth counsel's conclusion that the appeal is frivolous; and
>>
>> (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

> *Santiago,* 978 A.2d at 361. Counsel also must provide a copy of the ***Anders*** brief to his client. Attending the brief must be a letter that advises the client of his right to: "(1) retain new counsel to pursue the appeal; (2) proceed *pro se* on appeal; or (3) raise any points that the appellant deems worthy of the court[']s attention in addition to the points raised by counsel in the ***Anders*** brief." ***Commonwealth v. Nischan****,* 928 A.2d 349, 353 (Pa. Super. 2007), *appeal denied*, … 936 A.2d 40 ([Pa.] 2007).

***Commonwealth v. Orellana***, 86 A.3d 877, 879-80 (Pa. Super. 2014). After determining that counsel has satisfied these technical requirements of ***Anders*** and ***Santiago***, this Court must then "conduct a simple review of the record to ascertain if there appear[s] on its face to be arguably meritorious issues that counsel, intentionally or not, missed or misstated." ***Commonwealth v. Dempster***, 187 A.3d 266, 272 (Pa. Super. 2018) (*en banc*).

In this case, Attorney Burke's ***Anders*** brief complies with the above-stated requirements. Namely, he includes a summary of the relevant factual and procedural history, he refers to portions of the record that could arguably support Appellant's claims, and he sets forth his conclusion that Appellant's appeal is frivolous. He also explains his reasons for reaching that determination, and supports his rationale with citations to the record and pertinent legal authority. Attorney Burke also states in his petition to withdraw that he has supplied Appellant with a copy of his ***Anders*** brief. Additionally, he attached a letter directed to Appellant to his petition to withdraw, in which he informed Appellant of the rights enumerated in ***Nischan***. Accordingly, counsel has complied with the technical requirements for withdrawal. We will now independently review the record to determine if

- 4 -

Appellant's issues are frivolous, and to ascertain if there are any other, non-frivolous issues she could pursue on appeal.

We begin with Appellant's second issue, as Attorney Burke discusses that claim first in his ***Anders*** brief. While not clearly indicated by the Statement of the Questions Presented, Attorney Burke frames Appellant's second issue as a challenge to the sufficiency of the evidence in the Argument portion of his ***Anders*** brief.

> In reviewing a sufficiency of the evidence claim, we must determine whether the evidence admitted at trial, as well as all reasonable inferences drawn therefrom, when viewed in the light most favorable to the verdict winner, are sufficient to support all elements of the offense. ***Commonwealth v. Moreno,*** 14 A.3d 133 (Pa. Super. 2011). Additionally, we may not reweigh the evidence or substitute our own judgment for that of the fact finder. ***Commonwealth v. Hartzell,*** 988 A.2d 141 (Pa. Super. 2009). The evidence may be entirely circumstantial as long as it links the accused to the crime beyond a reasonable doubt. ***Moreno***, ***supra*** at 136.

***Commonwealth v. Koch***, 39 A.3d 996, 1001 (Pa. Super. 2011).

According to Attorney Burke, Appellant believes that the Commonwealth's evidence was insufficient to prove she committed criminal trespass because Appellant testified

> that she obtained ownership in [the] real estate through different forms of title including[,] but not limited to[,] being [the] successful bidder at [the] tax claim bureau sale, maintaining [her] primary residence in the subject real estate, [and] obtaining [an] interest to either purchase and/or reside in [the] real estate from [the] estate executor of [the] prior owner. Appellant further contested the correct numbering sequence of the real estate as a means of contesting [the] lawful condemnation of the real estate. Appellant further contested the validity of [the] proper condemnation under the Tamaqua Borough Code of Ordinances[,]

- 5 -

including but not limited to proper service of [the] condemnation order under the International Property Maintenance Code and [the] refusal of [a] Tamaqua Borough Code Official to permit remediation efforts.

***Anders*** Brief at 14-15. In other words, Appellant "questions whether the jury verdict was contrary to [the] testimony and evidence [indicating] that [she] demonstrated an ownership interest in the real estate." TCO at 10.

The trial court concluded that Appellant's "contentions concerning the sufficiency of the evidence are without merit." ***Id.*** It explained:

[T]he jury found [Appellant] guilty of criminal trespass – breaking into [a] structure and criminal trespass – enter[ing] a structure. The[se] crimes … are defined as follows:

### § 3503. Criminal trespass

### (a) Buildings and occupied structures.—

(1)   A person commits an offense if, knowing that he is not licensed or privileged to do so, he:

(i) enters, gains entry by subterfuge or surreptitiously remains in any building or occupied structure or separately secured or occupied portion thereof; or

(ii) breaks into any building or occupied structure or separately secured or occupied portion thereof.

18 Pa.C.S.[] § 3503.

The evidence received at trial, when undertaken in the light most favorable to the Commonwealth as verdict winner, established that [Appellant] repeatedly entered and broke into the condemned building located at 237 East Broad Street, Tamaqua, Pennsylvania[,] and remained in the building when she had no legal ownership rights nor right to be in the property. Most significantly, by her own admission, [Appellant], against the advice of her attorney, testified at trial that she "lived" at the property at issue. Although she was a successful *bidder* in the sale of the property at a Schuylkill County Tax Claim Bureau judicial sale, the evidence revealed that [Appellant] never finalized the sale nor received a deed to the property conveying ownership

from the county. [Appellant] insisted that she entered into a civil contract to restore the property; however, the evidence overwhelmingly demonstrated that [Appellant] clearly knew she was not licensed or privileged to enter the building.

The Commonwealth also offered testimonial evidence from Kevin Steigerwalt, Tamaqua Borough Manager[,] that the Borough placarded the property on both the front door and a window with condemnation notice[s] on numerous occasions on January 6, 2021, January 8, 2021, February 2, 2021, February 9, 2021, February 22, 2021, and March 2, 2021, due to the property['s] being vacant, [and] lacking water, heat and electricity. The condemnation notice prohibited entry into the property, yet [Appellant] entered and remained in the building after breaking and changing the locks of the property. Mr. Steigerwalt testified that [Appellant] was never the property owner of 237 East Broad Street, Tamaqua, and that he had explained this to [Appellant] on numerous occasions.

The Commonwealth presented testimonial and video evidence from Officer Harig's body[-]worn video camera that depicted [Appellant's] living in the property on the date of her arrest. Officer Harig testified that when he encountered [Appellant,] she was decorating and furnishing the property.

Respectfully, the record amply demonstrates that [Appellant's] sufficiency of the evidence argument is without merit.

TCO at 11-12 (unnecessary capitalization omitted; emphasis in original).

We agree with the trial court that the evidence was sufficient to prove the elements of criminal trespass. Specifically, the Commonwealth established that the property was condemned, Appellant knew she was not licensed or privileged to enter the condemned property, and that she did so anyway by breaking into the house and changing the locks.[3] We agree with

_____

[3] We note that Appellant did not raise an abandonment defense. *See* 18 Pa.C.S. § 3503(c)(1) ("It is a defense to prosecution under this section that: (1) a building or occupied structure involved in an offense under subsection (a) of this section was abandoned[.]").

Attorney Burke that Appellant's "civil issues of ownership, condemnation, and remediation of code defects possess[] no relevance whatsoever as to the element[s] of [the] crime[s] required [by] 18 Pa.C.S.[] § 3503(a)(ii) and 18 Pa.C.S.[] § 3503(a)(i) for the Commonwealth to prove at trial." **Anders** Brief at 17. Thus, Attorney Burke is correct that Appellant's sufficiency claim is frivolous.

Next, Appellant seeks to challenge the discretionary aspects of her sentence. Namely, she avers that the court abused its discretion by imposing a "sentence of incarceration [that] was contrary to the circumstances[,] in that [Appellant] possessed a nominal criminal record, was gainfully employed, and did not possess a history of violence[.]" Appellant's Rule 1925(b) Statement, 12/5/22, at 1 (single page).

Preliminarily, we note that this Court has explained:

> To adequately preserve a discretionary sentencing claim, the defendant must present the issue in either a post-sentence motion, or raise the claim during the sentencing proceedings. In the non-**Anders** context, the defendant must preserve the issue in a court-ordered [Rule] 1925(b) concise statement and a Pa.R.A.P. 2119(f) statement.[4] Where counsel files an **Anders** brief, this Court has reviewed the matter even absent a separate [Rule] 2119(f) statement.

---

[4] Rule 2119(f) states: "An appellant who challenges the discretionary aspects of a sentence in a criminal matter shall set forth in a separate section of the brief a concise statement of the reasons relied upon for allowance of appeal with respect to the discretionary aspects of a sentence. The statement shall immediately precede the argument on the merits with respect to the discretionary aspects of the sentence." Pa.R.A.P. 2119(f).

*Commonwealth v. Zeigler*, 112 A.3d 656, 661 (Pa. Super. 2015) (cleaned up).

Here, Appellant preserved her sentencing claim in her post-sentence motion and, although Attorney Burke does not set forth a Rule 2119(f) statement in his *Anders* brief, we will not consider that omission as precluding review of whether Appellant's issue is frivolous. *See id.* In conducting this review, we note that,

> there is no absolute right to appeal when challenging the discretionary aspect of a sentence. An appeal is permitted only after this Court determines that there is a substantial question that the sentence was not appropriate under the sentencing code. When considering the merits of a discretionary aspects of sentencing claim, we analyze the sentencing court's decision under an abuse of discretion standard. In conducting this review, we are guided by the statutory requirements of 42 Pa.C.S. § 9781(c) and (d). Section 9781(c) provides that this Court shall vacate a sentence and remand under three circumstances:
>
>> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>>
>> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or
>>
>> (3) the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> 42 Pa.C.S. § 9781(c). In addition, we consider:
>
>> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>>
>> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>>
>> (3) The findings upon which the sentence was based.

(4) The guidelines promulgated by the commission.

42 Pa.C.S. § 9781(d).

***Zeigler***, 112 A.3d at 661-62 (cleaned up).

In this case, Appellant recognized, in her post-sentence motion, that her sentence of 3 to 23 months' incarceration is within the standard guideline range of restorative sanctions to 3 months' imprisonment. ***See*** Post Sentence Motion, 10/21/22, at 1 (unnumbered). She contended, however, that the court should have imposed a probationary term — or, at worst, house arrest — rather than incarceration, given that Appellant was employed, she was receiving mental health counseling, she had no history of violence, her mental health issues would be best addressed in the community, and she "possesse[d] an address for parole/probation." Post-Sentence Motion, 10/21/22, at 1 (unnumbered). We consider Appellant's argument that her sentence of incarceration is excessive, in light of mitigating circumstances, as constituting a substantial question for our review. ***See Zeigler***, 112 A.3d at 662 (observing that "an excessiveness claim in conjunction with an assertion that the court did not adequately consider a mitigating factor may present a substantial question") (citation omitted).

Nevertheless, we do not discern any abuse of discretion by the court in fashioning Appellant's sentence. Initially, we note that the court had the benefit of a presentence investigation report (PSI) in fashioning Appellant's standard-range sentence. Therefore, we presume that the court adequately

considered the mitigating factors in her case. *See Commonwealth v. Fowler*, 893 A.2d 758, 766 (Pa. Super. 2006).

Additionally, based on the trial court's discussion of its sentencing rationale, we conclude that Appellant's standard-range sentence is not "clearly unreasonable." 42 Pa.C.S. § 9781(c)(2). In particular, the court stated that it "strove to achieve a sentence that was consistent with the purposes of sentencing, the protection of the public, the gravity of the offenses as they related to the impact on the community, and the rehabilitative needs of [Appellant]." TCO at 7 (citing 42 Pa.C.S. § 9721(b)). It then explained:

> This [c]ourt had the benefit of a comprehensive PSI report which contained information about the crimes [Appellant] had committed[,] as well as information, both favorable and unfavorable, about [Appellant]. At the sentencing hearing, this [c]ourt indicated an awareness of the information contained in the PSI and weighed that information against the requisite statutory and guideline provisions when deciding and announcing [Appellant's] sentence. Our on-record statements and the PSI are sufficient to explain the reasons for the sentence imposed, to demonstrate that we complied with the applicable sentencing laws, and to show that, in sentencing [Appellant], we acted well within our discretion. [Appellant's] sentence of 3 to 23 months['] incarceration falls within the standard range for those convicted of [c]riminal [t]respass – [b]reaking [i]nto [s]tructures with a prior record score of zero.
>
> In summary, the appropriate sentencing factors are clear and obvious in this case. We considered those factors in accordance with the [S]entencing [C]ode. During the sentencing hearing[,] we outlined and reviewed the PSI. (N.T.[,] 10/13/22, [at] 3-12). Attorney Burke submitted a letter from Dr. James Klebe, a licensed psychologist who wrote a letter in support of [Appellant] indicating that she was treating with him, [she was] currently employed, and diagnosed with depressive disorder. Attorney Burke asked the [c]ourt to sentence [Appellant] to a term of probation.

At the request of her probation officer, [Appellant] had previously sent the [c]ourt an email on September 27, 2022, which became part of the PSI. In that email, [Appellant] insisted that her case be deemed a mistrial and indicated that she complied with a "civil action lease purchase agreement since August 1, 2020," followed all contracts, believed her lease and purchase was not under the jurisdiction of Tamaqua Borough, and denied having acted in a criminal capacity. [Appellant] also blamed borough officials[,] yet conceded that there was a Notice to Vacate placarded on the property on November 23, 2021, by the Tamaqua Borough. She continually insisted that the crimes of which she was convicted consist of civil matters.

Tamaqua Borough Police Officer, Karl Harig II, wrote a letter to Schuylkill County Adult Probation on September 27, 2022, which became part of the PSI. Officer Harig described [Appellant] as defiant and agitated. He wrote that her actions demonstrate continued disrespect for the law and "no trespass" [o]rders[,] as well as [c]ourt [o]rders. Officer Harig indicated that [Appellant] tells people she owns the property in question and denigrates the Tamaqua Police [D]epartment.

[Appellant] addressed the [c]ourt during the sentencing hearing. Despite not owning the property nor possessing a lawful deed, [Appellant] told the [c]ourt she was trying to follow the "contracts of the purchase of the sale that [she] made in August." (*Id.* at 6). She insisted that "people didn't believe that [she] bought the property." (*Id.*)

The Commonwealth requested a 3 to 23 month sentence[,] explaining [that] the basis for [its] request was due to [Appellant's] lack of remorse and blatant disregard for the law. (*Id.* at 7). Additionally, the Commonwealth noted that [Appellant] had been convicted by a jury of criminal trespass on October 25, 2021, for entering the same property in the same building…. (*Id.*) At the conclusion of trial wherein the jury found [Appellant] guilty in that case, the [trial court] … prohibited [Appellant] from entering the premises of 237 East Broad Street, Tamaqua[,] as part of her bail conditions pending sentencing scheduled on December 8, 2021. (*Id.*)[] The Commonwealth highlighted that [Appellant] last committed the instant crimes on November 23, 2021, less than one month after [the trial court's o]rder forbidding her to trespass or set foot on the premises of the property.

- 12 -

The Commonwealth presented the testimony of Thomas Nelson, Tamaqua Borough Code Enforcement Officer. (***Id.*** at 8). Mr. Nelson testified that he received a voicemail from [Appellant] approximately one to two weeks prior to sentencing [in the instant case] wherein she asked Mr. Nelson to remove the condemnation placards from the property so she could get back in. (***Id.*** at 9).

Of great concern to this [c]ourt was that [Appellant] has and continues to show no remorse []or acknowledge any responsibility for the crimes of which she was lawfully convicted. Her email to the [c]ourt prior to sentencing, her statements to the [c]ourt during sentencing, Mr. Nelson's testimony, and Officer [H]arig's letter all demonstrate [Appellant's] lack of remorse and her continued efforts to disregard the law and enter the property of which she insists she has ownership interest[,] despite not being the owner and having no legal right to enter the property. On the record, we acknowledged [Appellant's] lack of remorse while taking due consideration of her mental health and rehabilitative needs, her employment, and her lack of a prior record, and, after considering probation, ultimately determined incarceration to be necessary in light of the record as a whole. (***Id.*** at 10-13). Our on[-]the[-]record statements constitute adequate explanation of the sentence imposed.

TCO at 7-10.

We agree with the court. Clearly, the court took into account the mitigating factors cited by Appellant, but found that her lack of remorse, disregard for the law, and the circumstances of her case, as a whole, called for a term of incarceration. We discern nothing unreasonable about the court's sentencing decision. Thus, we agree with Attorney Burke that Appellant's challenge to the discretionary aspects of her sentence is frivolous.

In sum, we must agree with Attorney Burke that the two issues he preserved in Appellant's Rule 1925(b) statement are frivolous. Given that our independent review of the record reveals no other, non-frivolous claims that

were preserved below, we are constrained to affirm Appellant's judgment of

sentence and grant counsel's petition to withdraw.[5]

_____

[5] While we do not discern any preserved issues warranting a merits brief, we note that the Commonwealth proceeded under subsection (a) of the criminal trespass statute, which sets forth offenses that are graded as felonies. In contrast, the crimes under subsection (b), which sets forth defiant trespass, are graded as misdemeanors or a summary offense.

The facts of this case certainly seem to suggest that a prosecution, if any, was more appropriate under subsection (b), as the facts indicate that Appellant's conduct was limited to defying orders to leave the property. This was a victimless crime committed by a citizen with mental health issues, and the difference in grading between the subsections reflects a legislative judgment that breaking into structures that may be occupied is a more serious threat to the public good. Here, there was no such possibility of violence, as no one lived at or otherwise used the property.

In this regard, we note that Appellant did not pursue the statutory defense of abandonment codified at 18 Pa.C.S. § 3503(c)(1), which applies to prosecutions under subsection (a) and operates as a complete defense. ***See Commonwealth v. Henderson***, 419 A.2d 1366, 1367 (Pa. Super. 1990) (defining "abandonment" in the related context of burglary as "wholly forsaken or deserted"). The potential merit of that defense is demonstrated by, *inter alia*, the testimony of Building Code Officer Gregory Kurtz, Jr., who stated that the building at 237 East Broad Street lacked water, heat, and electricity service, and had "been vacant for some time." N.T. Trial, 8/8/22, at 39. Additionally, there was testimony demonstrating confusion as to what particular address was listed on, or included in, the condemnation notice. ***See Id.*** at 61 (Code Official Nelson's testifying that he listed on the condemnation notice the address of 239 East Broad Street); ***id.*** at 64 (Code Officer Nelson's explaining that there was a "discrepancy" because "there were three different addresses" associated with 237 East Broad Street, which led to the condemnation notice listing the tax map parcel ID number). While Attorney Burke seemingly attempted to highlight this confusion at trial, he did not preserve any such challenge to the sufficiency of the evidence on this basis in Appellant's Rule 1925(b) statement. Consequently, at this juncture, Appellant's only potential avenue for relief for any deficiency in counsel's representation would be under the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541-9546.

*(Footnote Continued Next Page)*

Judgment of sentence affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 08/28/2023

_____

Lastly, we mention that we are, of course, cognizant of prosecutorial discretion in pursuing criminal charges. Still, as our Supreme Court has stated, "[A] criminal prosecutor … unlike a private attorney, must exercise independent judgment in prosecuting a case and 'has the responsibility of a minister of justice and not simply that of an advocate.'" *Commonwealth v. Briggs*, 12 A.3d 291, 331 (Pa. 2011). We encourage county prosecutors to exercise their discretion to utilize every means of social and mental health services before resorting to criminal prosecution and incarceration. We also stress that prosecutors should consider whether lesser charges are appropriate, which appears to be the case here based on the uninhabitable and arguably abandoned status of the building.